# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3497

_____

United States of America,

      Appellee,

v.

Christopher Gray,

      Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

_____

No. 08-3587

_____

United States of America,

      Appellee,

v.

Darryl Lajoune Brown,
also known as D,

      Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeals from the United States
District Court for the
District of Minnesota.

_____

Submitted: June 10, 2009
Filed: August 24, 2009

_____

Before COLLOTON, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Darryl Lajoune Brown pled guilty to possessing with intent to distribute five grams or more of cocaine base, commonly known as crack cocaine. The district court[1] sentenced Brown to 84 months' imprisonment, and he appeals his sentence. Christopher Gray pled guilty to distributing five grams or more of crack cocaine, an offense to which a five-year statutory minimum sentence applies. The district court sentenced Gray to 70 months' imprisonment, and denied Gray's motion to declare unconstitutional the statute establishing a mandatory minimum punishment for trafficking in crack cocaine. Gray appeals the denial of his motion. We affirm.

I.

In November 2007, Brown pled guilty to possessing with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). At sentencing in October 2008, the district court calculated the advisory guideline range applicable to Brown. The court held Brown responsible for at least fifty grams of crack cocaine and awarded Brown a three-level reduction for acceptance of responsibility, which would have resulted in a total offense level of 27. Because Brown qualified as a career offender under USSG § 4B1.1, however, his offense level was 31, and the district court calculated an advisory range of 188 to 235 months' imprisonment. The government made substantial assistance motions under USSG § 5K1.1 and 18 U.S.C. § 3553(e), and Brown argued that the district court should vary further based on the sentencing factors in 18 U.S.C. § 3553(a). After considering the government's motions and Brown's arguments for leniency, the district court imposed an 84-month sentence. Brown appeals his sentence, arguing that the district court committed procedural error by failing adequately to consider the § 3553(a) factors. He also argues that his sentence is substantively unreasonable.

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

We must first consider whether the district court committed a "significant procedural error" when imposing sentence. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). For the first time on appeal, Brown contends that the district court failed to consider his arguments for a variance below the guideline range based on the sentencing factors in § 3553(a). In the district court, Brown argued that a below-guideline sentence was appropriate in light of his "post-arrest self-improvement," the career-offender guideline's alleged overstatement of his criminal history, and the disparity between crack and powder cocaine in the drug quantity table. Because Brown did not object to the district court's consideration of the § 3553(a) factors at sentencing, we review for plain error. *See United States v. Moore*, 565 F.3d 435, 437 (8th Cir. 2009).

Brown argues that the record gives no indication that the district court considered the § 3553(a) factors, but we disagree. A district court is not required to recite the § 3553(a) factors mechanically, *United States v. Robinson*, 536 F.3d 874, 878 (8th Cir. 2008), or to respond specifically to every argument made by a defendant. *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008). Brown presented his arguments to the court in a written sentencing memorandum and orally at the sentencing hearing, and the record shows that the district court considered them. In explaining its sentence, the court discounted Brown's argument that his criminal history was overstated, citing Brown's repeated criminal offenses and the likelihood that he committed other uncharged crimes to support his past drug use. The court also recognized Brown's post-arrest conduct, but commented that "surviving in jail is no great trick at all" and that the "hard part of life is on the streets." The court noted that Brown had "begun to show" that he had an interest in turning around his life, and had "made significant contributions to assist the republic" through his substantial assistance. The record thus reflects that the district court carefully considered Brown's arguments and the § 3553(a) factors before imposing sentence.

Brown nevertheless contends that the district court may have failed to consider his arguments that the career-offender and crack-cocaine guidelines resulted in a

"grossly excessive" sentence, because the court "felt itself proscribed" from doing so by this court's decision in *United States v. Spears*, 533 F.3d 715 (8th Cir. 2008) (en banc), *rev'd*, 129 S. Ct. 840 (2009). In *Spears*, the en banc court held that while a district court could "'consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses'" when "conducting an *individualized assessment* based upon the particular circumstances of a defendant's case," 533 F.3d at 717 (quoting *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007)), the court could not "categorically reject" the 100-to-1 crack-powder ratio reflected in the guidelines and replace it with a different ratio of its own. *Id.* After Brown's sentencing, the Supreme Court reversed the en banc decision, holding that it conflicted with *Kimbrough* and "clarify[ing] that district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." *Spears v. United States*, 129 S. Ct. 840, 843-44 (2009) (per curiam).

Based on *Spears*, Brown argues that the district court failed to understand its authority to vary from the crack-cocaine guidelines. *See United States v. Roberson*, 517 F.3d 990, 995 (8th Cir. 2008). Brown's guideline range, however, was not affected by USSG § 2D1.1 and its crack-powder ratio. Brown's offense level was determined by the career-offender guideline, which is based on the statutory maximum penalty applicable to his offense. USSG § 4B1.1(b). Thus, it matters not how the district court might have understood its authority to vary from the crack-cocaine guidelines during the period when the en banc decision in *Spears* was controlling. *See United States v. Moore*, 481 F.3d 1113, 1115 (8th Cir. 2007); *United States v. Millbrook*, 553 F.3d 1057, 1067 (7th Cir. 2009).

We are also unconvinced that the district court misunderstood its authority to vary from the career-offender guideline. The en banc decision in *Spears* concerned the narrow question whether a district court could categorically reject the crack-powder ratio, and substitute a different ratio, when applying USSG § 2D1.1. On the more general question of a district court's authority to vary from the guidelines, the Supreme Court in *Kimbrough* quoted the government's concession that a district court

-4-

may vary based on policy considerations, including disagreements with the guidelines, *see Kimbrough*, 128 S. Ct. at 570, and the district court gave no indication that it failed to understand its authority to vary from the career-offender guideline on that basis. The district court thus did not commit procedural error.

Finally, Brown argues that his sentence is substantively unreasonable. We review the reasonableness of the sentence under a deferential abuse-of-discretion standard. *Gall*, 128 S. Ct. at 597. The district court imposed a sentence of 84 months' imprisonment, which was well below the advisory guideline range of 188 to 235 months' imprisonment. Even if we assume that the entire reduction was based on Brown's substantial assistance, and that the district court did not vary further based on Brown's other arguments in mitigation, we see no basis to conclude that the sentence is substantively unreasonable under the deferential review that now prevails. *See United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

II.

In October 2007, Gray pled guilty to distributing five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Prior to sentencing, Gray moved the district court to declare unconstitutional 21 U.S.C. § 841(b)(1)(B)(iii), which provides for a five-year mandatory minimum sentence for offenses involving five grams or more of a mixture or substance containing crack cocaine. Gray argued that the 100-to-1 crack-powder ratio that underlies the mandatory minimum sentences for offenses involving powder cocaine and crack cocaine "causes an arbitrary race based deprivation of liberty," in violation of the Due Process Clause of the Fifth Amendment. He also argued that "given the disparate impact of the 100 to 1 crack to powder disparity and the imminent legislative rectification," the mandatory minimum constitutes cruel and unusual punishment in violation of the Eighth Amendment.

The district court denied Gray's motion. The court calculated an advisory guideline range of 70 to 87 months' imprisonment, and sentenced Gray to 70 months'

imprisonment. Gray appeals the denial of his motion, renewing his arguments that the statute establishing the mandatory minimum sentence for crack-cocaine offenses violates the Fifth and Eighth Amendments.

This court has rejected constitutional arguments comparable to Gray's, *see United States v. Watts*, 553 F.3d 603, 604 (8th Cir. 2009) (per curiam); *United States v. Buckner*, 894 F.2d 975, 980-81 (8th Cir. 1990), but we need not even reach the merits of his contentions, because Gray's sentence was unaffected by the statutory minimum sentence. In carrying out its responsibility to select a sentence that was "sufficient, but not greater than necessary" to comply with the statutory sentencing purposes, *see* 18 U.S.C. § 3553(a), the district court imposed a sentence ten months above the 60-month mandatory minimum. As such, the court's sentencing decision was not constrained by 21 U.S.C. § 841(b)(1)(B)(iii), and Gray therefore lacks standing to challenge the constitutionality of the statute. *See United States v. Johnson*, 886 F.2d 1120, 1122 (9th Cir. 1989).

*        *        *

The judgments of the district court are affirmed.

_____