# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1574

_____

United States of America,

    Appellee,

  v.

Donald Leonard Sturgis,

    Appellant.

\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Minnesota.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: February 16, 2010
Filed: February 23, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Donald Leonard Sturgis challenges the sentence imposed by the district court[1] following two prior remands by this court for resentencing. We affirm.

After a jury found him guilty of drug charges, Sturgis was sentenced in October 2004 to 360 months in prison. We affirmed the conviction, but remanded for resentencing based on advisory Guidelines under United States v. Booker, 543 U.S. 220 (2005). At his October 2006 resentencing, Sturgis was again sentenced to 360

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

months in prison. On appeal, we found that the district court had adequately considered the 18 U.S.C. § 3553(a) factors and adequately explained its reasons for imposing the sentence and that the sentence it imposed was reasonable. We found, however, that it was unclear whether the district court had declined to use its discretion to consider the crack/powder cocaine sentencing disparity because of then-current Eighth Circuit precedent that did not authorize such consideration; thus, we remanded to the district court to reconsider the sentence in light of Kimbrough v. United States, 552 U.S. 85 (2007).

At his February 2009 resentencing, the district court sentenced Sturgis to 336 months in prison, finding that it was appropriate to sentence him below the advisory Guidelines range--which was based on his career-offender status--because of the crack/powder cocaine disparity. Sturgis argues on appeal that the district court applied an improper presumption of reasonableness to the career-offender Guideline, and to the Guidelines in general. Assuming the issue is properly before us, we see no indication that the district court failed to understand its authority to vary from the career-offender Guideline, or the Guidelines in general. See United States v. Gray, 577 F.3d 947, 950 (8th Cir. 2009) ("the district court gave no indication that it failed to understand its authority to vary from the career-offender guideline" on the basis of "policy considerations, including disagreements with the guidelines"). The court stated at this resentencing that Sturgis had "earned [career-offender status] fair and square," and we found in the prior appeal that the district court had properly considered the section 3553(a) factors.

Sturgis also argues that the district court did not consider his rehabilitation efforts since his earlier sentencings. This court has held, however, that evidence of post-sentence rehabilitation is not permitted at resentencing. See United States v. Pepper, 570 F.3d 958, 965 (8th Cir. 2009), petition for cert. filed, (U.S. Sept. 29, 2009) (No. 09-6822). We have carefully considered the remaining arguments raised in Sturgis's four pro se briefs and in the brief filed by Sturgis's counsel, and we find

that they are not properly before us, as they are outside the scope of our limited remand.  See United States v. Kendall, 475 F.3d 961, 964 (8th Cir. 2007) (scope of remand must be determined by reference to analysis in opinion; on remand for resentencing, all issues decided by appellate court become law of the case); United States v. Walterman, 408 F.3d 1084, 1085 (8th Cir. 2005) (where remand is limited to resolution of specific issues, any issues outside scope of remand will generally not be considered in subsequent appeal).

Accordingly, Sturgis is granted leave to file the additional pro se briefs he has submitted, the judgment is affirmed, and Sturgis's pending motion is denied as moot.

_____