United States Court of Appeals

For the Eighth Circuit

_____

No. 14-1519

_____

United States of America,

*Plaintiff - Appellee,*

v.

Joshua M. Meyer,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: October 10, 2014
Filed: April 17, 2015

_____

Before COLLOTON, BRIGHT, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Joshua Meyer pleaded guilty to receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B). Using websites and a peer-to-peer file-sharing program, Meyer accessed and downloaded over 300 videos and

700 images of child pornography. The district court[1] sentenced Meyer to 120 months' imprisonment. Meyer appeals, challenging his sentence on both procedural and substantive grounds. We affirm.

Meyer argues first that the district court erred at sentencing by relying on information that was not disclosed to him, in violation of Federal Rule of Criminal Procedure 32. The information at issue concerns another child pornography case, involving a defendant named Partain, in which the district court imposed sentence the week before Meyer's sentencing. During Meyer's sentencing hearing, the government urged the court to impose a sentence of 210 months' imprisonment, at the bottom of the advisory guideline range. At the outset, the prosecutor remarked that he had sought a sentence of ten years for Partain the week before, and said that he would explain why Meyer's case deserved at least ten years.

The prosecutor then stated that he had described "GigaTribe" software for the court during Partain's sentencing, and asserted that use of GigaTribe involves knowing actual distribution of child pornography from one person to another, not merely "passive distribution where you allow somebody access to your computer and you don't know whether anything's been taken or not." Counsel for the government also reported that he was disappointed with the probation office's sentencing recommendation for Partain. The prosecutor then listed "things that separate [Meyer] from other defendants such as Mr. Partain," including violations of pretrial release that resulted in detention and a criminal record. Meyer's counsel, during his argument, stated that he was "at a huge disadvantage" because he did not see the sentencing in the Partain case, and complained that it was unfair for the government to cite that case.

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

When imposing sentence, the district court referred twice to Partain's case. The court observed that Meyer's case was "pretty much like last week except for a couple of factors that I feel are somewhat different." The court later explained that "last week Mr. Partain — I sentenced him to 84 months and had the plea for five years." Turning to Meyer's case, the court opined that the minimum statutory term of five years' imprisonment was not satisfactory.

Meyer did not object to the district court's statement of reasons or complain that the court impermissibly considered information to which Meyer lacked access. We therefore review Meyer's challenge on appeal for plain error, and we see no obvious violation of Rule 32.

A defendant has a "basic right to be apprised of information on which the court will rest its decision," *United States v. Foster*, 575 F.3d 861, 863 (8th Cir. 2009), and it was plain error in *United States v. Lovelace*, 565 F.3d 1080 (8th Cir. 2009), for a judge to rely on personal knowledge of a defendant's criminal history gleaned from the judge's former service as a prosecutor. *Id.* at 1091-92. Here, however, the record does not show that the district court relied on extra-record information to select an appropriate sentence for Meyer. The court did mention the sentence imposed in the Partain case and observed that a couple factors differentiated Meyer's case from Partain's. But in fixing a sentence for Meyer, the court said that it based its decision on the factors set forth in § 3553(a).

The court found it "incredible" that Meyer said he did not view the children depicted in pornographic videos as victims: "[T]o look at young children being treated the way they are in those pictures and you don't think they're a victim . . . . I don't know where your mind is, frankly." The court expressed concern that the sentencing guidelines "are somewhat irrational," but also reasoned that using child pornography was "pretty much near" the "most disgusting . . . course that a person can take." The court apparently viewed Meyer's attempt to rebuild a stash of videos after

-3-

the first batch was destroyed as an aggravating factor. The court ultimately varied downward from the advisory guideline range of 210 to 240 months' imprisonment and sentenced Meyer to 120 months. The record does not show plainly that the court relied on anything the prosecutor said about Partain's case, and Meyer failed to object so that the court could clarify any ambiguity. In these circumstances, there is no plain error that warrants relief.

Meyer also contends that the district court failed adequately to consider documents that he submitted to illustrate his "difficult background, psychological makeup, and rehabilitation efforts." Meyer sent a six-page letter, a fourteen-page psychological assessment, and seventeen pages of "certificates and commendations" related to his rehabilitation efforts to the district court by e-mail. But the e-mailed materials apparently never reached the judge, and Meyer provided the court with the documents shortly before the sentencing hearing started.

Meyer did not object to the district court's alleged shortcoming, so we review for plain error. Meyer's brief on appeal acknowledges that the court delayed the hearing briefly to review the materials, and Meyer had an opportunity to argue from those documents during the hearing. We have no reason to believe that the court ignored pertinent information. We note that in addition to the documents submitted at the hearing, the presentence report also contained detailed information regarding Meyer's background, a summary of his efforts at rehabilitation, and another letter written by Meyer explaining his "sexual addiction" and his understanding of the harm caused by his actions.

Meyer's third claim of procedural error is that the district court failed adequately to explain the chosen sentence. The court's explanation was succinct, but Meyer did not object to its adequacy, and we review under the plain-error standard. The court thought the minimum advisory guideline sentence of 210 months was too severe, but that the statutory minimum term of sixty months was insufficient. The

presentence report and sentencing recommendation prepared by the probation office included extensive information bearing on the sentencing factors set forth in § 3553(a), and the court confirmed that it had considered those criteria. The law leaves a determination about appropriate brevity or length of discussion largely to the professional judgment of the district court. *Rita v. United States*, 551 U.S. 338, 356 (2007). Here, where the district court opted to vary downward substantially from the term recommended by the Sentencing Commission, and where Meyer did not seek further elaboration about any particular point, we conclude that there was no plain error warranting relief.

Finally, Meyer argues that his sentence is substantively unreasonable. We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). That the court sentenced Meyer below the advisory range militates strongly in favor of reasonableness, *see United States v. Moore*, 581 F.3d 681, 684 (8th Cir. 2009) (per curiam), and we believe it was reasonable for the court to select a term of 120 months' imprisonment in light of Meyer's offense conduct, his history and characteristics, and the need for the sentence to afford adequate deterrence.

The judgment of the district court is affirmed.
_____