# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-3413

_____

United States of America,

*Plaintiff - Appellee*,

v.

Anthony C. Key,

*Defendant - Appellant.*

_____

No. 15-3416

_____

United States of America,

*Plaintiff - Appellee,*

v.

Anthony C. Key,

*Defendant - Appellant.*

_____

Appeals from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 11, 2016
Filed: August 9, 2016
_____

Before COLLOTON, ARNOLD, and SHEPHERD, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Anthony Key appeals from an order of the district court[1] revoking his term of supervised release. Key argues that a special condition of release prohibiting the possession of obscene materials is unconstitutionally vague and overbroad and, alternatively, that he did not violate the condition. He also argues that the district court committed procedural error in imposing a sentence of twenty-four months' imprisonment. We affirm.

I.

In 2006, Key pleaded guilty to possession of child pornography. Key then failed to appear at sentencing and left the judicial district without permission. Key was arrested and charged with failure to appear and with perjury before a federal magistrate judge in a detention hearing. Key pleaded guilty to both charges.

At a consolidated sentencing hearing, the district court sentenced Key to a combined term of 78 months' imprisonment. The sentence consisted of a 68-month sentence for possession of child pornography, a concurrent 60-month sentence for perjury, and a consecutive 10-month sentence for failure to appear. The court also ordered a lifetime term of supervised release for the child pornography conviction and three years' supervised release on the remaining counts of conviction. Key's sentence

_____
[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

included several special conditions of supervised release. One condition provided that Key must not "possess obscene material as deemed inappropriate by the probation officer and/or treatment staff." Key did not appeal his conviction, sentence, or conditions of release.

Key was released from prison in January 2013. The district court revoked his supervised release twice, in March 2014 and May 2015. The court sentenced Key to six months' imprisonment the first time and 120 days in custody on the second occasion. After each revocation, the district court reimposed terms of supervised release with similar conditions. In its most recent judgment, the district court included Special Condition Number 6, which again made it a condition that Key must not "possess obscene material as deemed inappropriate by the probation officer and/or treatment staff." The court also required Key to participate in a residential reentry program at a halfway house for up to 120 days following his release from prison.

Key was released on June 1, 2015, and reported to a halfway house the following day. Staff searched Key's belongings and discovered sexually explicit hand-drawn pictures and hand-written stories. The director of the halfway house testified that she deemed the materials inappropriate and obscene, and that she turned the pictures and writings over to the probation office. Key was informed that the halfway house prohibited the possession of obscene and pornographic materials, but he protested that he had a "right to draw anything he wanted to draw and write anything he wanted to write." During his brief stay at the halfway house, Key was argumentative and uncooperative with staff, refused to participate in required activities, and refused to eat unless certain demands were met. Due to this uncooperative behavior, Key was discharged from the halfway house within one week of his arrival.

On a petition by the probation office, the district court revoked Key's term of supervised release based on his possession of obscene materials and termination from

the halfway house. Under USSG § 7B1.4(a), Key's advisory sentencing range was 3 to 9 months' imprisonment. The court, however, varied upward and sentenced Key to 24 months' imprisonment, concluding that a sentence above the advisory range was necessary based on the severity of the violations and Key's "complete . . . disregard for his supervision."

## II.

Key challenges the district court's finding that he violated Special Condition Number 6, which prohibited the possession of obscene materials. He focuses primarily on the language of the special condition itself, arguing that the condition is unconstitutionally vague and overbroad. We are skeptical that a defendant who failed to appeal the imposition of a condition of release can bring a facial challenge to the condition following revocation. *See United States v. LeCompte*, 800 F.3d 1209, 1214 n.6 (10th Cir. 2015) ("Courts have consistently said that a defendant cannot challenge the condition on its face at a revocation hearing."); *accord United States v. Preacely*, 702 F.3d 737, 376-77 (7th Cir. 2012); *United States v. Nolan*, 932 F.2d 1005, 1007 (1st Cir. 1991) (per curiam). The government, however, does not press this point and acquiesces in plain error review. We therefore assume for the stake of analysis that the issues are properly before us and proceed under the plain-error standard. *See* Fed. R. Crim. P. 52(b).

Key argues that Special Condition Number 6 is unconstitutionally vague because its prohibition on "obscene materials" fails to provide "notice as to what film, prose, or drawing he may view." Key argues that the Supreme Court's definition of obscenity in *Miller v. California*, 413 U.S. 15, 24 (1973), is "wholly subjective and unpredictable, making it impossible for ordinary individuals to determine what is criminal." The Court, however, has held that the term as defined in *Miller* is not unconstitutionally vague because its scope "can be ascertained with sufficient ease."

*Smith v. United States*, 431 U.S. 291, 309 (1977). Key's vagueness claim is thus foreclosed by precedent.

We also find unpersuasive Key's argument that Special Condition Number 6 is plainly overbroad. This court has held that when a defendant is convicted of an offense related to child pornography, a ban on the possession of pornography is "appropriately tailored to serve [the] dual purposes of promoting [the defendant's] rehabilitation and protecting children from exploitation." *United States v. Ristine*, 335 F.3d 692, 694-95 (8th Cir. 2003). For that reason, the court has "consistently rejected overbreadth arguments where the special condition at issue precluded the defendant from possessing pornography or sexually explicit material." *United States v. Thompson*, 653 F.3d 688, 695 (8th Cir. 2011). Because a ban on possessing obscene materials is narrower than a ban on possessing pornography or sexually explicit material, *see Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 240 (2002), it is not plain that the prohibition here is overbroad.

Key argues that the condition is overbroad because the prohibition on possessing "obscene material as deemed inappropriate by the probation officer and/or treatment staff" seems to delegate authority to third parties to define obscenity. This grant of discretion, however, is limited by the legal definition of obscenity. Before Key can be sanctioned for violating this special condition of release, a court must find that he possessed material that is both obscene *and* deemed inappropriate by a probation officer or treatment staff. Any discretion accorded to the probation office and treatment staff operates to Key's benefit, because it can only narrow the class of obscene materials that will result in a revocation. The district court did not commit plain error by phrasing the condition so that enforcement is triggered by a probation officer or member of the treatment staff. *See United States v. Fonder*, 719 F.3d 960, 961-62 (8th Cir. 2013) (upholding condition of release prohibiting defendant from possessing "sexually stimulating or sexually oriented" material "deemed to be

inappropriate by the U.S. Probation Officer in consultation with the treatment provider"); *United States v. Hobbs*, 710 F.3d 850, 853, 855 (8th Cir. 2013) (same).

Key also brings an unpreserved as-applied challenge to Special Condition Number 6, *see LeCompte*, 800 F.3d at 1214 & n.7, arguing that the district court misapplied the condition to the facts of his alleged violation. Key contends that *Miller*'s definition of obscenity does not apply to non-commercial, homemade materials created for personal use, so the court improperly concluded that his homemade drawings were obscene. Citing *Stanley v. Georgia*, 394 U.S. 557, 564-65 (1969), he argues that the government has no interest in prohibiting the "mere private possession" of obscene material. Because Key has been convicted of a child pornography offense, however, a condition of supervised release properly may limit his constitutional rights. *E.g.*, *United States v. Deatherage*, 682 F.3d 755, 764 (8th Cir. 2012).

Key also asserts that the district court mistakenly found a violation of Special Condition Number 6 on the ground that the materials were merely "inappropriate." At the revocation hearing, Key's attorney argued that the term "obscene" was vague. The district court replied, "Well, I think it's not just 'obscene.' 'Inappropriate' is in there, too." Key thus contends that the district court improperly sanctioned him for possessing "inappropriate" materials without determining that they were obscene. Elsewhere, however, the court specifically found that Key possessed "obscene" materials. No. 15-3413, R. Doc. 147, at 24-25; No. 15-3416, R. Doc. 127, at 24-25. The district court thus applied the correct standard.

Finally, Key argues that the district court failed to explain adequately its decision to impose a sentence of twenty-four months. Key did not object on this ground at sentencing, so we review only for plain error. *United States v. Chavarria-Ortiz*, No. 15-3031, 2016 WL 3629018, at *1-2 (8th Cir. July 7, 2016). At sentencing, the district court observed that Key's refusal to cooperate with halfway-house staff

was "very serious" and that Key's repeated violations of supervised release evinced a "complete . . . disregard for his supervision." The court also said, "[I]t does not appear that [Key] is amenable to community supervision at this time." Key contends that the district court placed too much emphasis on his obstreperous behavior, and failed to consider Key's treatment at the halfway house and his mental and physical state. But the district court is not required to "respond specifically to every argument made by a defendant," *United States v. Gray*, 577 F.3d 947, 949 (8th Cir. 2009), and need only "set forth enough to satisfy the appellate court that she has considered the parties' arguments and has a reasoned basis for exercising her own legal decisionmaking authority." *United States v. Torres-Ojeda*, No. 15-3441, 2016 WL 3947817, at *1 (8th Cir. July 22, 2016) (internal quotation and alterations omitted). We conclude that the statements at sentencing adequately explain the court's decision to vary upward from the advisory guideline range.

*      *      *

The judgment of the district court is affirmed.

_____