# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3084

_____

United States of America

*Plaintiff - Appellee*

v.

Stacy Len Lisenbery

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: April 3, 2017
Filed: August 9, 2017
[Published]

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Stacy Lisenbery pleaded guilty to a one-count Information charging him with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and

846. The district court[1] sentenced him to 180 months' imprisonment. Lisenbery appeals, arguing the sentence imposed is substantively unreasonable.

Lisenbery was arrested after attempting to pick up a package containing methamphetamine from a parcel sorting facility in Springdale, Arkansas. He was originally charged in two counts: conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846; and possession of methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). He later pleaded guilty to a single charge that carried a statutory maximum of 20 years and no mandatory minimum. Based largely on information he provided law enforcement about the quantity of methamphetamine he distributed, Lisenbery's base offense level was 38, reduced to level 35 for acceptance of responsibility. At offense level 35 and criminal history category IV, his Sentencing Guidelines range was 235–240 months. At sentencing, the district court granted the government's motion pursuant to USSG § 5K1.1 to reduce Lisenbery's offense level by 5 levels to level 30 based on his substantial assistance. Lisenbery's newly calculated guideline range was 135–168 months. After discussing the factors listed in 18 U.S.C. § 3553(a), the district court found an upward variance from the guideline range to be appropriate, and sentenced Lisenbery to a 180-month term of imprisonment.

Lisenbery challenges the substantive reasonableness of his sentence, which we review "under a deferential abuse-of-discretion" standard. United States v. Robison, 759 F.3d 947, 950 (8th Cir. 2014) (quoting Gall v. United States, 522 U.S. 38, 41 (2007)). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

clear error of judgment in weighing those factors." Id. at 950–51 (quoting United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009)). Lisenbery asserts the district court considered improper factors and committed a clear error of judgment in weighing the appropriate factors when imposing his sentence.

Lisenbery argues that the district court erred when it discussed information contained in two paragraphs of the presentence report. First, according to paragraph 12 of the report, a man showed up at the parcel sorting facility on February 13, 2015, falsely claiming to be a drug enforcement agent and telling the manager of the facility that a package containing illegal drugs would likely arrive the following day. Although the man was never identified, the district court initially inferred that the man was Lisenbery.[2] Defense counsel objected, pointing out that no one, including law enforcement, had determined that the unidentified man impersonating a law enforcement agent was Lisenbery. After further discussion on the record, the district court acknowledged the mistake. The court stated that it "believes that there is not a sufficient basis to arrive at the conclusion that the person—the unknown person referenced in Paragraph 12" of the presentence report who impersonated a law enforcement agent was Lisenbery, and that it "will not take [that] into account."

Second, paragraph 60 of the report described an arrest for battery with a firearm. The district court referenced the alleged facts underlying the charge, and defense counsel objected. Counsel pointed out that Lisenbery had filed a written objection to this paragraph expressly denying the conduct alleged, and that the charge was ultimately not prosecuted. In response, the district court said it "fully recognize[d] and [was] cognizant of the fact the charge referenced there was

---

[2]The following day, February 14, 2015, Lisenbery went to the facility to pick up a package that had been shipped to him from California. By that point, the manager of the facility had contacted law enforcement, who determined the package contained approximately 2.2 pounds of a mixture containing methamphetamine. Lisenbery was arrested shortly after he arrived at the parcel sorting facility.

dismissed," understood "that the defendant denies having done this," and stated "it would be unfair to Mr. Lisenbery to assume that those were the true facts."

After careful review, we discern no abuse of discretion in the district court's discussion of paragraphs 12 and 60. Defense counsel timely objected when the district court discussed the information in these paragraphs, alerting the court to Lisenbery's written objections. On appeal, Lisenbery acknowledges that the district court "stated it did not consider these facts in imposing sentence." Lisenbery's reason for not taking the district court at its word—that the "elaborate discussion" of the disputed allegations "indicates that it did [take these facts into consideration]"—is unavailing and counter to the record before us.

Lisenbery next argues the district court committed a clear error of judgment in weighing the relevant factors when it imposed the sentence. Lisenbery asserts the district court failed to give sufficient weight to the facts that he cooperated early on in the investigation, providing law enforcement with information about his drug trafficking they may not otherwise have obtained, and that he himself had been addicted to methamphetamine from a young age. Lisenbery also argues that the district court's errors in judgment resulted in a sentence that created an unwarranted sentencing disparity among similarly situated defendants.[3]

---

[3]Lisenbery acknowledges that the district court considered similarly situated defendants when deciding what sentence to impose, and does not assert that the district court procedurally erred. See United States v. Sandoval-Sianuqui, 632 F.3d 438, 444 (8th Cir. 2011) (sentencing court commits procedural error if it fails to consider the 18 U.S.C. § 3553(a) factors, including "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). As a result, we read this argument as a challenge to the weight the district court assigned the appropriate factors and thus a challenge to the substantive reasonableness of his sentence.

The district court gave careful consideration to the mitigating factors in this case. The court recognized Lisenbery had "an extensive problem with addiction to drugs," but explained that it believed even a "very powerful addiction" did not justify drug trafficking on the scale present in this case. The court also examined the extent of Lisenbery's cooperation, noting that upon arrest he "essentially gave a complete confession," which included not only the methamphetamine Lisenbery attempted to pick up at the parcel sorting facility, but also significant quantities of methamphetamine that had been shipped to him over the past year. The court gave Lisenbery significant credit for accepting responsibility "before he lawyered up," and for going "above and beyond" to assist law enforcement despite the potential risk to his own safety.

Lisenbery also argues that his sentence creates an unwarranted disparity among similarly situated defendants because it is not clear that the district court took into account the 5-level reduction in his offense level for substantial assistance. But the court did consider Lisenbery's cooperation when assessing this factor, and determined that the drug quantities he was responsible for were still "at the top." Lisenbery offers no other argument to support the assertion that his sentence creates an unwarranted disparity in relation to any other similarly situated defendant, and we find no error.

The court weighed the mitigating considerations against the aggravating factors in this case: the "incredibly large quantity of methamphetamine" Lisenbery admitted to distributing, the amount of money he made selling it, and his extensive criminal history. Lisenbery was rewarded for his cooperation with law enforcement, but the benefit was tempered by the scope of his criminal activity and the "revolving door" nature of his prior record. The district court took the appropriate factors into account and did not abuse its discretion in weighing them. See United States v. Roberts, 747 F.3d 990, 992 (8th Cir. 2014) ("[A] sentencing court has wide latitude to weigh the

section 3553(a) factors in each case and assign some factors greater weight than others." (quoting <u>United States v. Lozoya</u>, 623 F.3d 624, 627(8th Cir. 2010))).

We affirm the judgment of the district court.

_____