# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 16-4347

———————————————

United States of America

*Plaintiff - Appellee*

v.

Willie R. Robinson

*Defendant - Appellant*

—————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

—————————

Submitted: September 18, 2017
Filed: November 16, 2017
[Unpublished]

—————————

Before SMITH, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

—————————

PER CURIAM.

Willie R. Robinson appeals his 20-month revocation sentence, arguing that it is substantively unreasonable because the district court[1] failed to consider the mitigating factor of his mental disability. We affirm.

## I. *Background*

Robinson pleaded guilty to being a felon in possession of a firearm and was sentenced to 180 months' imprisonment and four years of supervised release. He began his four-year term of supervised release on July 14, 2016.

On September 13, 2016, Robinson's probation officer filed a violation report with the district court, alleging that Robinson had violated the terms of his supervised release by testing positive for drugs on various dates. On October 17, 2016, the probation officer filed a supplemental violation report with the district court, alleging that Robinson had again tested positive for drugs. The report also stated that Robinson had failed to appear for the second weekend of his shock incarceration[2] previously ordered by the court.

On October 19, 2016, the district court held the show cause hearing. Robinson stipulated to the facts contained in the violation reports and admitted to violating his supervised-release conditions. The court found that Robinson committed the violations and considered the appropriate punishment. It began by recognizing that Robinson had "asked [his probation officer] several times to return to custody" and observed that "it appears that he's not amenable to community supervision."

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

[2]"A shock incarceration program is based upon an inmate serving a shorter, but more arduous, term." *Castellini v. Lappin*, 365 F. Supp. 2d 197, 199 (D. Mass. 2005) (quoting H.R. Rep. No. 101–681(I) (1990), *reprinted in* 1990 U.S.C.C.A.N. 6472, 6558).

Transcript of Show Cause Hearing at 4, *United States v. Robinson*, No. 4:02-cr-00325-HFS (E.D. Mo. Oct. 19, 2016), ECF No. 63. In response, defense counsel informed the court that he and Robinson "have had similar conversations where he's expressed that desire, just to simply go back and serve whatever time is necessary." *Id*. at 5. Defense counsel explained that "supervision is extremely difficult for Mr. Robinson and it's a burden to him, and he has problems adjusting and doing what is necessary and required for him to succeed on probation. I think a lot of that, Judge, has to do with his mental health." *Id*. Defense counsel reminded the court of Robinson's original presentence investigation report that reported a competency review from 2003 in which the "BOP concluded he was in the mildly mentally retarded range. He was shot in the head in 2002. Fragments of that bullet are still within his brain. He has seizures based on that occasionally. So I just think life is kind of a struggle for Mr. Robinson." *Id*.

After recounting Robinson's "limited abilities," defense counsel asked the court "to impose a sentence of 12 months and a day." *Id*. at 6. Defense counsel also addressed probation's recommended sentence of 30 months' imprisonment, acknowledging that "in an ordinary case" this recommendation "would not be unreasonable." *Id*. But defense counsel argued that, as "applied in this case," such recommendation would not be reasonable because of the "underlying circumstances." *Id*.

The government recommended a sentence within the calculated Guidelines range of 6 to 12 months' imprisonment, followed by four years of supervised release. The government asked the court to reject Robinson's request for no supervision to follow.

Robinson then addressed the court. He informed the court that he respected his probation officer, "but her being over me, it's just that I can't, I can't, not no more." *Id*. at 9. He continued, "I get on the patch, and I get dirty UAs. I'm just saying I don't

want to deal with that. . . . I just don't want to deal with it no more. You know, after all that time, I just can't deal with it." *Id*. at 10.

Thereafter, the court "conclude[d] that if the probation office . . . feels that they can't accomplish anything with the defendant . . . I won't second-guess them on that subject, even though . . . the result . . . may turn out to be unfortunate." *Id*. at 10–11. The court then commented that probation's recommendation of a 30-month sentence was extreme. Finally, the court explained why it was imposing a 20-month sentence with no supervision to follow:

> And as I frequently say, we have to impose special punishment in order to deter the violations as best we can. The prior period of imprisonment does not seem to have been helpful in breaking the defendant of what he seems to need in drug usage. So I'm, therefore, not very hopeful that if I do use a 20-month sentence, which is about as high as I think I should reasonably go in a situation like this, that I'm accomplishing a great deal. But I do think that a year and a day would be sufficiently lenient that if a defendant thinks he can get out of four years of supervision by doing that, he might be tempted to violate the terms of supervised release simply to get out of further supervision. So I'm going to treat this as I would a more normal situation, which is that I would—if the defendant cannot be precluded from drug usage by the probation office that I should use a significant sentence, but not one as great as the probation office suggests.

*Id*. at 11.

## II. *Discussion*

On appeal, Robinson argues that his 20-month sentence with no supervision to follow is substantively unreasonable because the district court failed to consider the mitigating factor of his mental disability.

-4-

"We review a district court's sentence on revocation of supervised release for . . . substantive reasonableness under 'the same reasonableness standard that applies to initial sentencing proceedings.'" *United States v. Benton*, 627 F.3d 1051, 1055 (8th Cir. 2010) (quoting *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008)). Robinson "challenges the substantive reasonableness of his sentence, which we review 'under a deferential abuse-of-discretion' standard." *United States v. Lisenbery*, 866 F.3d 934, 936 (8th Cir. 2017) (per curiam) (quoting *United States v. Robison*, 759 F.3d 947, 950 (8th Cir. 2014)). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009) (quoting *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008)). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

"The district court need not respond to every argument advanced by a defendant, and the extent of explanation will vary according to the circumstances of the case." *United States v. Williams*, 624 F.3d 889, 898 (8th Cir. 2010). Instead, the district court "need only 'set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Key*, 832 F.3d 837, 841 (8th Cir. 2016) (quoting *United States v. Torres–Ojeda*, 829 F.3d 1027, 1030 (8th Cir. 2016)).

Here, the record shows that the district court heard Robinson's mental health arguments. Defense counsel discussed it with the court when counsel explained why "supervision is extremely difficult for Mr. Robinson," which counsel attributed to

Robinson's "mental health." Transcript of Show Cause Hearing at 5. Defense counsel further reminded the court that a competency review from 2003 indicated that Robinson was "in the mildly mentally retarded range." *Id*. The court was not required to respond to this argument in announcing Robinson's 20-month sentence. *See Williams*, 624 F.3d at 898. The court's explanation satisfies us that it considered the parties' arguments and had a reasoned basis for exercising its discretion. *See Key*, 832 F.3d at 841. First, it agreed with Robinson that the probation office's recommendation of 30 months' imprisonment was "extreme." Transcript of Show Cause Hearing at 11. Second, the court observed that "[t]he prior period of imprisonment does not seem to have been helpful in breaking the defendant of what he seems to need in drug usage"; as a result, the court was "not very hopeful that if [it did] use a 20-month sentence . . . that [it would be] accomplishing a great deal." *Id*. But, at the same time, the court found that "a year and a day would be sufficiently lenient that if a defendant thinks he can get out of four years of supervision by doing that, he might be tempted to violate the terms of supervised release simply to get out of further supervision." *Id.* As a result, the court decided to "treat this as . . . a more normal situation, which is . . . if the defendant cannot be precluded from drug usage by the probation office that [the court] should use a significant sentence, but not one as great as the probation office suggests." *Id*. For that reason, the court selected the 20-month sentence with no supervision to follow. *Id*. at 12. This was not an abuse of discretion.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____