# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-3044

_____

United States of America

*Plaintiff - Appellee*

v.

Justin Joseph Halter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 24, 2018
Filed: December 6, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, MELLOY and STRAS, Circuit Judges.

_____

PER CURIAM.

Justin Joseph Halter appeals his 24-month revocation sentence, arguing that the district court[1] imposed a substantively unreasonable sentence. We affirm.

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

## I. *Background*

In 2004, Halter pleaded guilty to distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 144 months' imprisonment and 48 months of supervised release.

After his release from prison, Halter began his term of supervised release. In May 2014, the district court revoked Halter's supervised release for drug and alcohol use, leaving the jurisdiction without permission, and failing to report to his assigned residential re-entry center. The district court sentenced Halter to 9 months' imprisonment and 36 months of supervised release. As a special condition of supervision, the court ordered Halter to spend up to 120 days in a residential re-entry center upon his release from prison.

The district court again revoked Halter's supervised release in June 2015 because he failed to follow the residential re-entry center's rules and committed a new crime. The court sentenced Halter to 24 months' imprisonment and 6 months of supervised release. The court again ordered him to spend up to 120 days in a residential re-entry center upon his release from prison.

Halter began his most recent term of supervised release in February 2017. The government sought revocation of his supervised release in March 2017, alleging Halter failed to comply with the residential re-entry center's rules. The petition stated that Halter, when accused of drug use by facility staff, left the facility for several days without permission. The government then filed a supplemental memorandum additionally alleging that Halter's conduct constituted the crime of escape, in violation of 18 U.S.C. § 751(a), and was a Grade B violation, meaning that the district court had to revoke his release.

Initially, a deputy federal public defender represented Halter. However, that attorney sought leave to withdraw as counsel, citing a conflict with Halter. The magistrate judge granted the motion and appointed Halter new counsel. Halter's second defense attorney also moved to withdraw on the basis of a conflict with Halter. Apparently, Halter unsuccessfully attempted to get the second defense attorney to provide him with the home address of the public defender who had previously represented him. The record reflects Halter's attempted contact stemmed from a possible desire to threaten his former counsel. The district court granted the second defense attorney's motion to withdraw and appointed Halter new counsel.

The day before the revocation hearing, Halter filed a notice admitting that he had failed to follow the rules of the residential re-entry center and that such conduct qualified as an "escape" for revocation purposes. At the hearing, the government presented testimony about Halter's behavior toward his two prior attorneys. The government then acknowledged that Halter had attempted to provide cooperation against two defendants charged in an unrelated state homicide investigation. But the government had made no promises to Halter in return for his cooperation. The government ultimately decided not to recommend a downward variance for Halter's cooperation in light of his criminal history, history of violations on supervised release, delayed admission to violating supervised release, and threatening conduct toward his prior counsel. The government requested a sentence of 27 months' imprisonment with no supervised release to follow.

Halter sought a sentence of imprisonment for 12 months and one day, with no supervised release to follow. Halter's counsel stated his belief that the court was not empowered to impose a sentence of more than 24 months. Counsel emphasized Halter's cooperation in the state homicide case and the substantial time he had already served in prison for supervised-release violations. Further, defense counsel noted that Halter was not amenable to supervision after two prior revocations. Counsel

attributed Halter's late admission to the violation allegations to not having certain pertinent documents until shortly before the hearing.

The district court found that Halter had violated the terms of his supervision and revoked his supervised release. In determining a final sentence, the district court stated that it had considered the factors set forth in 18 U.S.C. § 3553(a). Specifically, it considered Halter's recalcitrance while on supervised release, his threatening behavior toward prior counsel, and his cooperation with the state homicide investigation. The court concluded that Halter's abscondment was a Grade B violation and that his criminal history category was VI. The court calculated a Guidelines range of 21 to 27 months' imprisonment and determined that this range adequately addressed Halter's circumstances. The court concluded that a 24-month sentence with no supervised release to follow was sufficient, but not greater than necessary, to address the essential sentencing considerations of Halter's case.

II. *Discussion*

On appeal, Halter argues that his 24-month sentence is substantively unreasonable because the district court (1) failed to award him any reduction in sentence for his cooperation in the state homicide investigation; (2) imposed a sentence that is substantially greater than the sentence that would have been imposed had his escape offense been independently prosecuted; (3) made no specific finding that he intended to threaten his previous counsel; and (4) imposed an excessive amount of imprisonment.

"We review a district court's sentence on revocation of supervised release for substantive reasonableness under the same reasonableness standard that applies to initial sentencing proceedings." *United States v. Robinson*, 713 F. App'x 514, 517 (8th Cir. 2017) (per curiam) (cleaned up). We review for an abuse of discretion Halter's challenge to the substantive reasonableness of his sentence. *Id.* "A district court abuses its discretion and imposes an unreasonable sentence when it fails to

consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.* (quoting *United States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009)). Our review "is narrow and deferential" in sentencing cases, and "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

"To determine if the district court sufficiently explained the sentence imposed, we note that the court need not respond to every argument made by defendant or recite each section 3553 factor." *United States v. Keatings*, 787 F.3d 1197, 1202 (8th Cir. 2015). But "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). "Nonetheless, when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Id.* "Sentences within the Guidelines range are presumptively reasonable." *United States v. Bjerke*, No. 17-1832, 2018 WL 3752143, at *4 (8th Cir. Aug. 7, 2018) (per curiam).

"We presume the within-range [24-month] sentence to be reasonable subject to [Halter's] opportunity to rebut that presumption." *Id.* Based on our review of the record, we conclude that the district court properly considered the § 3553(a) factors raised by the parties and weighed them appropriately. First, the court considered Halter's recalcitrance while on supervised release. Second, the court considered Halter's threatening behavior toward prior counsel. The court credited the testimony of a supervisory deputy U.S. Marshal who testified about the information he received concerning Halter's threats toward counsel, as well as a report from Halter's second

defense attorney about the threats. Third, the court considered Halter's cooperation with the state homicide investigation. The district court's consideration of these factors came after it heard argument from the parties concerning Halter's poor compliance record, troubling statements he made to his then-current attorney about his former attorney, and his assistance to authorities in a state homicide investigation. We find no abuse of discretion in the court's consideration of the relevant sentencing factors. *See Robinson*, 713 F. App'x at 517. Halter's within-range 24-month sentence is substantively reasonable.

III. *Conclusion*

Accordingly, we affirm.

_____