# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2296

_____

United States of America

*Plaintiff - Appellee*

v.

Kristopher Joseph Nation

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 15, 2019
Filed: July 9, 2019

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

MELLOY, Circuit Judge.

In 2018, Defendant Kristopher Nation pled guilty to possession with intent to distribute methamphetamine, cocaine, and marijuana, in violation of 21 U.S.C. § 841(a)(1). See also id. § 841(b)(1) (listing the penalties for such possession). A presentence investigation report identified him as a career offender with a range of 262 to 327 months' imprisonment under the U.S. Sentencing Guidelines

("Guidelines"). The district court[1] varied downward from that range and sentenced Nation to a term of 188 months. He appeals, arguing that the district court erred in calculating his base offense level and that his sentence is substantively unreasonable. We affirm.

Nation argues that the district court erroneously calculated his base offense level because it utilized the 10-to-1 ratio between actual methamphetamine and methamphetamine mixture employed by the Drug Conversion Tables in the commentary to section 2D1.1 of the Guidelines. We disagree. The district court expressly determined Nation's base offense level by applying the career-offender guidelines in section 4B1.1, not the Drug Conversion Tables. Nation's argument, therefore, is misplaced. Cf. United States v. Gray, 577 F.3d 947, 949–50 (8th Cir. 2009) (rejecting a similar argument involving section 2D1.1's 100-to-1 crack-to-powder ratio because the defendant's "offense level was determined by the career-offender guideline," not the crack-cocaine guidelines); United States v. LeGrand, 468 F.3d 1077, 1082 (8th Cir. 2006) (rejecting a challenge to the application of certain guideline enhancements under section 2D1.1 because the district court properly determined that the defendant's base offense level was determined under the career-offender guidelines).

Nation also argues that his sentence is substantively unreasonable "because a lesser sentence would have been sufficient punishment under the circumstances." We have said that "it is nearly inconceivable" that a district court could abuse its discretion by not varying downward further than it already did. United States v. Ali, 799 F.3d 1008, 1033 (8th Cir. 2015) (citation omitted). Indeed, "a sentence below or within the Guidelines range is presumptively reasonable on appeal." United States

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

v. Canania, 532 F.3d 764, 773 (8th Cir. 2008). Seeing nothing in the record to rebut that presumption, we hold that Nation's sentence is substantively reasonable.

Accordingly, we affirm the judgment of the district court.

_____