NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1991
_____

UNITED STATES OF AMERICA

v.

JAMES IRLAND HOTY FLOYD,
Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-08-cr-00438-001)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2012

Before:  RENDELL, GARTH and BARRY, Circuit Judges

(Opinion Filed July 19, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

James Floyd appeals from the District Court's denial of his motion to modify the

terms of his probation.  Floyd argues that the District Court procedurally erred by

foregoing a hearing and failing to consider the sentencing factors at 18 U.S.C. § 3553(a).

He also argues that the District Court substantively erred by sustaining conditions that

prevent him from obtaining gainful employment. Neither contention, however, warrants relief. We will therefore affirm.

## I.

We write principally for the benefit of the parties and therefore recount only those facts essential to our review.

From 2001 to 2003, Floyd was involved in a multi-state scheme to distribute unapproved prescription drugs. During this time, he also neglected to pay income taxes on commissions received from the drug sales. Accordingly, Floyd was indicted and pleaded guilty to conspiracy to defraud the United States and tax evasion. In March 2009, the District Court imposed separate sentences of five years' probation for each offense, to run concurrently. The conditions of Floyd's probation restricted his travel to four states, absent permission from his parole officer or the court, and required that he work regularly at a lawful occupation and support his dependants.

Unsuccessful in his attempts to procure employment, Floyd faced great financial hardship. But, in March 2011, he was offered a job with L3 Communications as an aircraft mechanic. L3 planned for Floyd's training to occur in Ft. Benning, Georgia, but expected to station him—for up to one year—in Iraq, Afghanistan, or Kuwait. After Floyd's probation officer deferred to the court on his request for permission to relocate, Floyd filed a motion to modify the terms of his probation to allow travel outside of the United States. Without holding a hearing, the District Court summarily denied the motion. Floyd sought reconsideration of that denial, but again did not succeed.

The instant appeal followed.[1]

## II.

"[W]e review challenges to . . . a district court's decision to modify the terms of release for abuse of discretion."[2] *United States v. Smith*, 445 F.3d 713, 716 (3d Cir. 2006).

Floyd challenges both the procedural and substantive reasonableness of the District Court's denial of his motion to modify the terms of his probation. However, the statute governing modification of the conditions of probation confers significant discretion on the District Court, and no abuse occurred by virtue of its decision not to allow Floyd to relocate abroad for an extensive period of time.

First, Floyd argues that the District Court erred by failing to consider the § 3553(a) factors. However, the statute that governs modifications of the conditions of probation, 18 U.S.C. § 3563(c), contains no language requiring courts to do so. By contrast, related statutes governing the early termination of probation, 18 U.S.C. § 3564(c), and the modification of supervised release, 18 U.S.C. § 3583(e), do expressly require consideration of 3553(a) factors.[3] "[T]he failure of Congress to [include a similar

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3563(c) and we have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] This case deals with a motion to modify the terms of probation, not supervised release. Nonetheless, the same standard of review applies and the parties agree that it is an abuse-of-discretion standard.

[3] *Compare* 18 U.S.C. § 3563(c) ("The court may modify . . . conditions of a sentence of probation . . . pursuant to the provisions of the Federal Rules of Criminal Procedure

3

requirement in § 3563] . . . must not be considered an oversight or casual omission." *See Lewis v. Am. Fed'n of State and Cnty. Mun. Emps.*, 407 F.2d 1185, 1189 (3d Cir. 1969). Floyd points to no authority supporting a contrary conclusion. Furthermore, even if § 3563(c) is read to require courts to apply the 3553(a) factors when modifying conditions of probation, no requirement exists when, as in the instant case, the court decides not to modify. Therefore, the District Court's failure to address the 3553(a) factors did not constitute procedural error.

Floyd also urges that the District Court erred by depriving him of a hearing on the motion and failing to provide any explanation for its denial. Both arguments lack merit. First, the District Court is not required to hold a hearing when, as in this case, "the relief sought is favorable to the person and does not extend the term of probation . . . ; and an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim. P. 32.1(c)(2). Second, no authority to which Floyd cites obligated the District Court to provide a written explanation for its denial of his motion. Given the drastic modification Floyd sought, the District Court's decision required no lengthy rationale. Thus, neither the District Court's failure to hold a hearing nor its failure to explain itself amounted to an abuse of discretion.

---

relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation."), *with* 18 U.S.C. § 3564(c) ("The court, *after considering the factors set forth in section 3553(a)* . . . may . . . terminate a term of probation.") (emphasis added), *and* 18 U.S.C. § 3583(e) (The court may, *after considering the factors set forth in section 3553(a)* . . . terminate . . . extend . . . [or] revoke a term of supervised release.") (emphasis added).

Floyd's substantive objection lacks merit as well.  He argues that the overly restrictive prohibition on his travel represents a "greater deprivation of liberty than is reasonably necessary to achieve the deterrence, public protection and/or correctional treatment for which it is imposed." *Smith*, 445 F.3d at 713.  Though cognizant of the hardship travel restrictions can cause, we are nevertheless compelled to disagree.  The nature of Floyd's offenses well warranted, and continue to warrant, restrictions on his travel.  Floyd did not just seek permission to visit another state; he sought authorization for a year-long stay in Middle Eastern countries.  As Floyd's probation officer noted, probationers are not typically approved for extended international travel because granting such freedom would make supervision very difficult, if not impossible.  Thus the District Court's denial was not substantively unreasonable and, therefore, not an abuse of discretion.

### III.

For all of these reasons, we will affirm the District Court's denial of the motion.