# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3787
_____

United States of America

*Plaintiff - Appellee*

v.

Jason Brandon Schultz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: September 23, 2016
Filed: January 10, 2017

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Jason Brandon Schultz challenges three special conditions of supervised release the district court[1] imposed when sentencing him on a supervised release

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

revocation to 22 months imprisonment to be followed by one year of supervised release. We affirm.

I.

In October 2007, Schultz was convicted in Maryland state court of third-degree sexual assault. This conviction stemmed from a consensual relationship with a 14-year-old girl when Schultz was 23 years of age. Under federal law, Schultz was required to register as a sex offender in his state of residence. In November 2008, Schultz was residing in Iowa without having registered as a sex offender in that state. As a result, he pled guilty to failing to register as a sex offender, and the district court sentenced him to 30 months imprisonment to be followed by 5 years of supervised release. He began his supervised release term in June 2011.

In December 2012, the district court revoked Schultz's supervised release based on multiple violations, including failure to comply with residential reentry center rules, disorderly conduct, excessive use of alcohol, and use of illegal drugs. The court sentenced Schultz to 21 months imprisonment to be followed by 3 years of supervised release.

After his release, Schultz again violated the terms of his supervised release by associating with persons involved in criminal activity and having contact with children under the age of 18. As a result, the district court modified the terms of the supervised release and ordered Schultz to serve two consecutive weekends in jail.

In November 2015, the district court again revoked Schultz's supervised release. At the revocation hearing, Schultz admitted he used cocaine, twice failed to submit a urine sample for testing, and possessed cocaine. The district court also found Schultz had engaged in cocaine distribution. The court sentenced Schultz to 22 months imprisonment to be followed by 1 year of supervised release.

As part of the sentence, the court imposed three special conditions of supervised release relevant to this appeal. Special Condition 4 prohibited Schultz "from owning or having in his possession any pornographic materials" or from "enter[ing] any establishment where pornography or erotica can be obtained or viewed." Special Condition 5 directed Schultz to make any computer or electronic devices available for search or monitoring by a United States probation officer. Special Condition 6 prohibited Schultz from having contact with any children under the age of 18 without prior written consent of the probation office.

Each of these conditions had been part of the original sentence and the first revocation sentence. At the latest revocation hearing, Schultz only objected to Special Condition 6, arguing for a change in that condition because he had a one-year-old son with whom he desired regular contact. In response to the objection, the district court added to Special Condition 6 that "[t]he United States Probation Office will work with you and your family to set up supervised communications and visits with your biological and legally adopted children." Schultz now appeals the three special conditions.

II.

Generally, we review "the imposition of special conditions for abuse of discretion, but when a defendant has failed to properly object to the imposition of the condition at the sentencing hearing," we review for plain error. United States v. Roberts, 687 F.3d 1096, 1100 (8th Cir. 2012). Therefore, we will review the district court's continuation of Special Conditions 4 and 5 for plain error and the continuation, with modification, of Special Condition 6 for abuse of discretion.

"To obtain relief under a plain-error standard of review, the party seeking relief must show that there was an error, the error is clear or obvious under current law, the error affected the party's substantial rights, and the error seriously affects the fairness,

integrity, or public reputation of judicial proceedings." United States v. Poitra, 648 F.3d 884, 887 (8th Cir. 2011).

A district court has broad discretion to order special conditions of supervised release so long as "the conditions are reasonably related to the sentencing factors set forth in [18 U.S.C.] § 3553(a), involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a), and are consistent with any pertinent policy statements issued by the Sentencing Commission." United States v. Morais, 670 F.3d 889, 895 (8th Cir. 2012); see also 18 U.S.C. § 3583(d)(1)-(3).

As to Special Condition 4, Schultz argues the condition is not reasonably related to his crime and the district court failed to conduct an individualized inquiry before imposing this condition. Further, he argues the provisions are overbroad and vague, such that he has no clear notice as to what he can view or what businesses he can enter without violating his supervised release.

When the district court first sentenced Schultz, it noted "a number of things . . . of concern, . . . the two most serious" being his conviction for sexual contact with a minor female and his three convictions for violating a no-contact order as to a minor female. The court noted there "seems to be a pattern of interest in inappropriately aged females." Without objection, the court imposed Special Condition 4 at the original sentencing and reimposed the condition at the revocation sentencing. We hold Schultz has not shown the district court plainly erred in imposing this condition. At the original sentencing, the court expressed its concern about Schultz's prior sexual involvement with underaged females and indicated he had developed a "pattern" of inappropriate behavior in that regard. As we have previously held, "the need to protect children from future exploitation" justifies banning a defendant "from possessing any pornography." See United States v. Mefford, 711 F.3d 923, 927 (8th Cir. 2013) (internal quotation marks omitted) (citing United States v. Ristine, 335 F.3d 692, 694-95 (8th Cir. 2003)). Further, after reviewing the record, we conclude

-4-

the condition is appropriately tailored to Schultz's circumstances in light of his original sex offense and the court's finding of a "pattern" of inappropriate behavior towards minors. Additionally, we have previously rejected the overbreadth challenge Schultz makes here. See id. at 928 (rejecting overbreadth challenge where the special condition banned the defendant from "enter[ing] any location where pornography, erotica, or adult entertainment can be obtained or viewed" (alteration in original)). Accordingly, the district court did not err in imposing Special Condition 4. For the same reasons, we affirm the district court's imposition of Special Condition 5, which does not prohibit Schultz's access to computers, rather it only allows the United States Probation Office the ability to monitor his computer usage. This condition is reasonably necessary to monitor whether Schultz is violating the pornography restriction and to monitor whether Schultz is violating the restriction concerning his contact with minors—a restriction he has had difficulty complying with in the past.

Schultz only objected to the imposition and terms of Special Condition 6, which prohibits him from having contact with any minor children without written consent from the probation office. Due to concerns Schultz expressed about his desire to maintain contact with his infant son, the district court added language directing the probation office to "work with [Schultz] and [his] family to set up supervised communications and visits with [his] biological and legally adopted children."

Schultz argues the district court abused its discretion in imposing this special condition because the district court did not make individualized inquiry into the need to prevent Schultz from having contact with his own children. Further, Schultz claims the restriction is not narrowly tailored to meet the considerations of § 3553(a).

We addressed a similar challenge in United States v. Simons, 614 F.3d 475 (8th Cir. 2010). There a defendant, who like Schultz was convicted of failing to register as a sex offender, challenged the special condition prohibiting him from having

contact with children under the age of 18, including his own children, unless the contact was approved in advance by the defendant's probation officer.  Id. at 481. We upheld the special condition, noting, "[i]n many of our cases affirming no-contact conditions, we have cited a defendant's history of sexual abuse of minors as a factor in our decisions."  Id.  Looking at Schultz's personal history, he was originally convicted in state court of having a sexual relationship with a 14-year-old girl when he was 23 years of age.  At the original sentencing, the district court took notice of the prior conviction and convictions for violating no-contact orders with other minor females.

In light of this history and the district court's recognition of the need for Schultz to maintain a relationship with his children, the district court made individualized findings and the restriction is narrowly tailored to address the circumstances of Schultz's criminal history as well as his family situation. Accordingly, the district court did not abuse its discretion in imposing Special Condition 6.

## III.

We affirm the sentence.

_____