# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4436

_____

United States of America,

*Plaintiff - Appellee,*

v.

Hugo Barry Thompson, Jr.,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 13, 2017
Filed: April 20, 2018

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Hugo Thompson challenges seven special conditions of supervised release that the district court imposed after revoking Thompson's supervised release and imposing a new sentence. Thompson argues for the first time on appeal that the

district court[1] imposed the conditions without making individualized findings and that the conditions are inconsistent with 18 U.S.C. § 3583(d). We conclude that there was no plain error and affirm the judgment.

I.

In 2007, a jury found Thompson guilty of conspiracy to possess with the intent to distribute fifty kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Thompson to 96 months' imprisonment, to be followed by a three-year term of supervised release.

While on supervised release, Thompson pleaded guilty in state court to sexual misconduct involving a child by indecent exposure. At a hearing before the district court on a petition to revoke supervised release, Thompson admitted that he had pleaded guilty to the sexual misconduct offense. The court found that Thompson had violated a condition of supervised release that prohibited him from committing any new federal, state, or local crime. Thompson also admitted two more violations: associating with a convicted felon and failing to notify his probation officer within seventy-two hours of his contact with law enforcement during the sexual misconduct investigation.

The district court revoked Thompson's term of supervised release and sentenced him to 18 months' imprisonment, to be followed by an 18-month term of supervised release. The court also imposed ten special conditions on Thompson's supervised release, seven of which he challenges on appeal.

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri, now retired.

II.

Because Thompson did not object to the special conditions at his revocation hearing, we review for plain error. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006). To obtain relief under this standard, Thompson must show that the district court made an obvious error that affected his substantial rights and seriously affected the fairness, integrity or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

Under 18 U.S.C. § 3583(d), a district court has broad discretion to order a condition of supervised release, so long as it is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a), involves no greater deprivation of liberty than is reasonably necessary, and is consistent with any pertinent policy statements issued by the Sentencing Commission. *United States v. Mark*, 425 F.3d 505, 507 (8th Cir. 2005). The purposes set forth in § 3553(a) include "deterrence, protection of the public, and effective provision, in the most effective manner, of needed educational or vocational training, medical care, or other correctional treatment to the defendant." *Id.*

Thompson argues that the district court imposed the challenged conditions without providing a sufficient explanation of how the conditions satisfied the requirements of § 3583(d). For the reasons discussed below, we conclude that there was no plain error warranting relief. Although we encourage "detailed individual findings, where the basis for the special condition can be discerned from the record, the condition need not be vacated." *United States v. Hart*, 829 F.3d 606, 609 (8th Cir. 2016). On this record, Thompson cannot meet his burden to show that the district court made an obvious error that caused prejudice and a miscarriage of justice. We discuss the challenged conditions *seriatim*.

A.

**Special Condition 2:** The defendant shall participate in an evaluation to determine if sex offense specific treatment is needed, and if so, the defendant shall participate in a sex-offense specific treatment program. The defendant shall enter, cooperate, and complete said program until released by the probation office. During the course of said treatment, the defendant shall be subject to periodic and random physiological testing which may include but is not limited to polygraph testing and/or other specialized assessment instruments.

Condition 2 requires Thompson to participate in an evaluation for a sex-offense treatment program and to participate in a treatment program as needed. The condition also directs Thompson to submit to physiological testing during treatment. Thompson argues that this condition is not reasonably related to his offense of conviction or his history and characteristics.

Although Condition 2 is not related to Thompson's drug trafficking conviction, a sentencing court "can impose special conditions of supervised release not directly related to the offense for which the defendant is being sentenced where 'the special conditions are related to another offense that the defendant previously committed.'" *United States v. Kelly*, 625 F.3d 516, 519 (8th Cir. 2010) (quoting *United States v. Smart*, 472 F.3d 556, 559 (8th Cir. 2006)). The court revoked Thompson's supervised release and imposed the challenged conditions after Thompson pleaded guilty to sexual misconduct involving a child by indecent exposure. Thompson's record also includes prior convictions for indecent or lewd acts with a child under 16 years of age in 1995 and failure to register as a sex offender in 2006. Given Thompson's prior sexual misconduct, Condition 2's requirement that Thompson be evaluated for sex-offense treatment and participate in treatment as needed is reasonably related to his history and characteristics, and to the statutory purposes of deterrence, protection of the public, and correctional treatment.

-4-

Thompson contends that Condition 2 impermissibly delegates judicial power to the probation office "because the office is allowed to determine the extent of his punishment." But "[c]onditions delegating limited authority to non judicial officials such as probation officers are permissible so long as the delegating judicial officer retains and exercises ultimate responsibility." *United States v. Mickelson*, 433 F.3d 1050, 1056 (8th Cir. 2006). Here, the record does not show that the district court intended to relinquish ultimate responsibility when it authorized the probation office to oversee Thompson's sex-offense treatment. Thompson has recourse to the district court if he objects to the direction of the probation office, and the court's limited delegation was permissible.

Finally, Thompson argues that Condition 2 results in a "greater deprivation of liberty than is reasonably necessary," because it subjects him to the possibility of physiological testing, including polygraph testing, during the course of the treatment. He complains that he has no history of untruthfulness that might justify such a condition. The condition, however, requires submission to physiological testing "[d]uring the course of" sex-offense treatment; it is not a freestanding authorization to require polygraph examinations. Given that the court properly ordered sex-offense treatment as needed, Thompson has not established that it was an obvious error for the court to require that Thompson submit to physiological testing where it is a component of that treatment.

B.

**Special Condition 4:** The defendant shall submit his person, residence, office, computer, or vehicle to a search, conducted by the probation office based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

Thompson next objects to Condition 4, which requires him to allow the probation office to search his computer if there is reasonable suspicion that Thompson possesses contraband or has violated a condition of release. Thompson argues that this condition is not "reasonably related to the purposes of his supervised release" and is overbroad, because none of his past violations have involved the possession or use of a computer. But § 3583(d) expressly authorizes the condition. The statute provides that a "court may order, as an explicit condition of supervised release for a person who is a felon and required to register under the Sex Offender Registration and Notification Act," that the person allow a probation officer to search his property, including his computer, if the officer has "reasonable suspicion" of unlawful conduct or a violation of supervised release. 18 U.S.C. § 3583(d). Thompson is a felon who is required to register as a sex offender, *see* 34 U.S.C. §§ 20911, 20913, so the district court did not commit plain error by imposing a condition that is permitted by § 3583(d).

C.

**Special Condition 5:** The defendant shall be prohibited from contact with children under the age of 18 without the prior written permission of the probation office and shall report to the probation office immediately, but in no event later than 24 hours, any unauthorized contact with children under the age of 18.

**Special Condition 6:** The defendant shall be prohibited from engaging in any occupation, business, profession, or volunteer work where he has access to children under the age of 18 without prior written approval from the probation office.

**Special Condition 7:** The defendant shall not frequent, loiter, or reside within 500 feet of schools, parks, playgrounds, arcades, daycare facilities or other places frequented by children under the age of 18, without prior written approval from the probation office.

Conditions 5, 6, and 7 restrict Thompson's freedom to contact and associate with minors. They require Thompson to obtain written permission of the probation office before he (1) has contact with children under the age of 18, (2) engages in any occupation, business, profession, or volunteer work where he has "access to" children under the age of 18, or (3) frequents, loiters, or resides within 500 feet of a place frequented by children under the age of 18.

Thompson argues that these conditions are vague and overbroad. He contends that the record does not show that he "has a propensity to commit a sex offense in a public place." He also argues Condition 6's requirement that he not engage in "any business" where he has "mere access to children" is "paralyzing."

We have upheld nearly identical conditions in cases in which the defendant has a history of sexually abusing minors. In *United States v. Simons*, 614 F.3d 475 (8th Cir. 2010), we affirmed the imposition of a condition that prohibited the defendant "from having any contact with children under the age of 18, including his own children," without probation office approval. *Id.* at 481-82. *Simons* also approved a condition that proscribed the defendant "from coming within 500 feet of schools, parks, playgrounds, or other places used primarily by children under the age of 18" without probation office approval. *Id.* at 482-83. In *Simons*, the defendant had prior convictions for attempted indecent liberties with a child and for first-degree rape. *Id.* at 482. We concluded that the defendant's history of committing crimes against children adequately supported the no-contact condition, and that "a ban on coming near places where children congregate is consistent with the district court's duty to protect the public from Simons's future crimes." *Id.*

In *United States v. Thompson*, 653 F.3d 688 (8th Cir. 2011), we upheld a condition that prohibited the defendant from employment or participation in "any volunteer activity that involves contact with children under the age of 18" without probation office approval. *Id.* at 692. In *Thompson*, the defendant did not have a

history of abusing minors, but had been convicted of possessing and distributing child pornography. We upheld the limitation on the defendant's volunteer activities as "reasonably necessary" in light of the purposes set forth in § 3553(a). *Id.*

In light of *Simons* and *Thompson*, we conclude that the district court did not commit plain error by imposing the restrictions on Hugo Thompson. That Thompson has not demonstrated a propensity to commit sex offenses *in public* does not make the conditions obviously improper. *Thompson* upheld restrictions on the defendant's public access to minors even though the defendant had no history of abusing minors at all. Here, Hugo Thompson's history of sexual abuse of minors made it at least reasonably debatable that the court could impose a condition designed to minimize the risk to minors in public places. The conditions, moreover, do not impose an absolute ban on proximity to minors, but instead require written permission from the probation office. "[R]equiring prior approval before a convicted sex offender has contact with minors is a reasonable means of ensuring that such contact remains appropriate." *Mickelson*, 433 F.3d at 1057. The district court's imposition of Conditions 5, 6, and 7 was not plain error.

D.

> **Special Condition 8:** The defendant shall not possess obscene material as deemed inappropriate by the probation office and/or treatment staff, or patronize any place where such material or entertainment is available.

Condition 8 prohibits Thompson from possessing obscene material or patronizing an establishment where such material is available. Thompson argues that Condition 8 is unrelated to his history and characteristics and impermissibly vague.

Thompson's vagueness challenge largely hinges on a discrepancy between the written judgment and the court's oral pronouncement at Thompson's revocation hearing. At the hearing, the court said that it would prohibit Thompson from

possessing "any obscene material *or* material that is deemed inappropriate by the probation office or by the treatment staff of any program in which you are participating." The judgment forbids Thompson to possess "obscene material *as* deemed inappropriate by the probation office and/or treatment staff." Thompson argues that the second phrase in the oral pronouncement—"material that is deemed inappropriate"—is vague and overbroad, because he cannot know what the probation office or treatment staff might deem "inappropriate," and because those officials might impose a greater deprivation of liberty than is reasonably necessary if they venture far beyond obscene material. *See Simons*, 614 F.3d at 483-85.

The government does not defend the language cited by Thompson and argues that the district court "misspoke" at the hearing before clarifying the condition in the written judgment. While an oral sentence controls over a conflicting written judgment, mere imprecise language at a hearing "will not negate the court's obvious intent." *United States v. Buck*, 661 F.3d 364, 374 (8th Cir. 2011).

The government points out that the written judgment tracks the oral pronouncement on the other nine conditions of release, and suggests that the court must have intended the same on Condition 8. The oral pronouncement, applied literally, would raise obvious concerns under § 3583(d), the Due Process Clause, and the First Amendment. It thus seems unlikely that the court intended to delegate to the probation office and treatment staff authority to apply an imprecise "appropriateness" standard to regulate what Thompson may possess. The written condition, by contrast, was more narrowly targeted and in keeping with a special condition previously used by the same district court. *See United States v. Key*, 832 F.3d 837, 839 (8th Cir. 2016). Neither party advocates for the broader restriction, and we are content to infer that the district court misspoke at the hearing and intended the narrower written condition.

As to that condition, which forbids Thompson to possess "obscene material as deemed inappropriate by the probation office and/or treatment staff," this court upheld a comparable restriction in *Key*. We cited the Supreme Court's view that the scope of a prohibition on mailing obscene materials "can be ascertained with sufficient ease," *id.* at 840 (quoting *Smith v. United States*, 431 U.S. 291, 309 (1977)), and explained that the court's grant of discretion to the probation office to deem materials inappropriate was "limited by the legal definition of obscenity." *Id.* In other words, before Thompson "can be sanctioned for violating this special condition of release, a court must find that he possessed material that is both obscene *and* deemed inappropriate by a probation officer or treatment staff." *Id.* Condition 8, as clarified in the written judgment, is not impermissibly vague.

There also was no plain error in the court's determination that Condition 8 is reasonably necessary to protect the public and deter future crimes. Although Thompson does not have a history of possessing obscene materials, we have upheld conditions that restrict a defendant's access to such materials where the defendant has "a pattern of inappropriate behavior towards minors." *United States v. Schultz*, 845 F.3d 879, 882 (8th Cir. 2017). In *Schultz*, we affirmed a special condition that went even further than obscenity by prohibiting the defendant from possessing pornographic materials or entering an establishment where pornography could be viewed. *Id.* at 881-83. Where the defendant had a prior conviction for sexual conduct with a minor female and a history of violating no-contact orders, the court reasoned that "the need to protect children from future exploitation justifies banning a defendant from possessing any pornography." *Id.* at 882 (internal quotation omitted). The district court thus did not plainly err by imposing Condition 8.

E.

**Special Condition 9:** The defendant shall not purchase or maintain a post office box or any other type of private mail box or any type of

storage locker, unit or facility without written approval of the probation office.

Thompson last challenges Condition 9, which prohibits him from purchasing or maintaining a private post office box or any other private mailbox or storage unit without approval of the probation office. We have upheld such restrictions in cases where offenders have possessed or distributed child pornography, or transported obscene matter, as a measure to prevent surreptitious receipt of forbidden materials. *See, e.g.*, *United States v. Muhlenbruch*, 682 F.3d 1096, 1105-06 (8th Cir. 2012); *United States v. JoDon*, 19 F. App'x 443, 444 (8th Cir. 2001). Thompson argues that because he does not have convictions for child pornography or obscenity offenses, Condition 9 is not reasonably related to his history and characteristics and is an unreasonable restraint on his liberty.

Thompson did not object to this condition, so the district court was not prompted to explain its reasoning. The permissibility of the condition under § 3583(d) is reasonably debatable, but under a plain error standard, Thompson must establish that the condition is obviously impermissible. Because Thompson has a history of abusing minors, the district court reasonably could have been concerned that he would turn to receipt of illicit materials through the mail as an outlet for his desires. Thompson also has a prior conviction for marijuana trafficking, and the district court reasonably could have been worried about Thompson secretly shipping, receiving, or storing drugs or drug proceeds through the use of private mailboxes or storage lockers. The condition allows Thompson to seek and obtain approval for a private mailbox or storage locker if he has a legitimate need to use those facilities and there are means to ensure that he will not misuse them. We conclude that the district court did not plainly err in deciding that Condition 9 is reasonably related to protecting the public and deterring Thompson from committing future offenses, and reasonably necessary to accomplishing those ends.

\* \* \*

-11-

The judgment of the district court is affirmed.

_____