# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2513

_____

United States of America

*Plaintiff - Appellee*

v.

Gary Lee Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: April 15, 2020
Filed: June 5, 2020

_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.

_____

BENTON, Circuit Judge.

Gary Lee Smith appeals the denial of his motion to modify two conditions of supervised release. Smith was convicted in 2003 of producing, transporting, and reproducing child pornography in violation of 18 U.S.C. §§ 2251(a), 2252(a)(1), and 2252(a)(2). The district court sentenced him to 235 months in prison, followed by 5 years of supervised release. This court affirmed. ***United States v. Smith***, 367 F.3d

748, 751 (8th Cir. 2004). The district court denied his motion under 28 U.S.C. § 2255. *Smith v. United States*, 2006 WL 2338254, at *1 (W.D. Mo. Aug. 14, 2006)*, aff'd,* 256 Fed. Appx. 850, 851 (8th Cir. 2007)*, cert. denied,* 552 U.S. 1270 (2008). In 2019, the district court[1] partly granted and partly denied his motion to modify the conditions of supervised release. Smith appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court reviews for abuse of discretion a district court's decision to modify conditions for supervised release. *United States v. Winston*, 850 F.3d 377, 379 (8th Cir. 2017). Underlying questions of compliance with due process and the rules of criminal procedure are reviewed de novo. *Id.* at 379-80.

Smith argues that the district court should have held a hearing before modifying two conditions of supervised release. A court "may modify, reduce, or enlarge the conditions of supervised release . . . pursuant to the provisions of the Federal Rules of Criminal Procedure." **18 U.S.C. § 3583(e)(2)**. A court must hold a hearing before modifying conditions of supervised release, unless, as relevant here, (A) waived;[2] or the relief sought (B) is favorable to the defendant . . . , and (C) is not, after notice and reasonable opportunity, objected to by the government. **Fed. R. Crim. P. 32.1(c)**.

I.

The original Condition 6, imposed at Smith's sentencing, said:

---

[1]The Honorable Douglas Harpool, United States District Judge for the Western District of Missouri.

[2]The government makes no waiver argument here.

> The defendant will not associate or have any contact (including incidental contact such as being present in locations where minors frequent) with persons/females/males under the age of 18, except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the Probation Office.

Smith moved to modify this condition, objecting that "being present in locations where minors frequent" was overly broad. He asserted it would restrict him from almost every common space, including grocery stores, mass transit, sporting events, and restaurants. He suggested:

> Defendant shall have no contact with any person under the age of 18 except (1) in the presence of an adult who is aware of the nature of the defendant's background and current offense, and who has been approved by the U.S. Probation office; (2) in the course of normal commercial business; or (3) in other cases of unintentional and incidental contact.

The government did not object to this modification, but requested adding a sentence:

> The defendant is barred from places where minors (under the age of 18) congregate, such as residences, parks, pools, daycare centers, playgrounds and schools, unless written consent is granted by the Probation Office.

Agreeing with both Smith and the government, the district court replaced the original condition with Smith's suggestion, plus the added sentence. The district court said in its order that it was granting Smith's motion for Condition 6 and "will modify" the condition. *See United States v. James*, 792 F.3d 962, 972-73 (8th Cir.

-3-

2015) (holding that a court modifies conditions when it "broadens the deprivation of liberty" or "expands the burden" on the defendant). *Cf.* **United States v. Durham**, 618 F.3d 921, 934 (8th Cir. 2010) (holding that a court does not modify conditions by issuing a later version with an innocuous discrepancy that does not conflict with an earlier version, even if the two do not track word-for-word). Concluding that "the relief sought is favorable" to Smith, the district court denied a hearing.

The district court erred by denying Smith a hearing before modifying Condition 6. *See* **Fed. R. Crim. P. 32.1(c)**. Rule 32.1(c)(1) requires a hearing before "modifying" the conditions of supervised release. *Id.* **32.1(c)(1)**. No exception to the hearing requirement applies here, because the government objected and the district court adopted the government's proposed changes to the condition. *See* ***id.*** **32.1(c)(2)**. The relief that Smith received was less favorable than what he sought. *See* ***id.*** **32.1(c)(2)(B)**. The district court should have held a hearing.[3]

Although the district court erred by denying a hearing, the government contends that any error was harmless. *See* **Fed. R. Crim. P. 52(a)**. Any error that does not affect substantial rights "must be disregarded." ***Id.*** *See* **28 U.S.C. § 2111** (requiring appellate court to give judgment "without regard to errors or defects which do not affect the substantial rights of the parties"). To affect substantial rights "in most cases . . . means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." **United States v. Olano**, 507 U.S. 725, 734 (1993). The government has the burden to prove harmless error. **United States v. Pirani**, 406 F.3d 543, 550 (8th Cir. 2005) (en banc)*, citing* **Olano**, 507 U.S. at 734-35. When analyzing for harmless error, reversal is not required "if the basis for the

---

[3]This court need not address whether a district court may deny a hearing before refusing to modify a condition. *See generally* **United States v. Nonahal**, 338 F.3d 668, 671 (7th Cir. 2003) (holding that Rule 32.1(c) does not require a hearing when a district court refuses to modify conditions); **United States v. Floyd**, 491 F. Appx. 331, 333 (3d Cir. 2012) (same).

imposed condition can be discerned from the record." *United States v. Thompson*, 653 F.3d 688, 694 (8th Cir. 2011) (upholding condition restricting pornography because record showed defendant's sexual interest in children).

The government reasons that the added sentence does not restrict Smith beyond the original condition, and is, in fact, favorable to him. The added sentence—barring Smith from places where minors "congregate"—means the same as the original restriction, barring him from places minors "frequent." *See United States v. Bender*, 566 F.3d 748, 753 (8th Cir. 2009) (analyzing restriction on places "minors are known to frequent" under "congregate" case law); *United States v. Ristine*, 335 F.3d 692, 696-97 (8th Cir. 2003) (upholding restriction on places where minor children "congregate" by relying on case upholding restriction on "places, establishments, and areas frequented by minors"). The added sentence's list of example locations gives Smith guidance, and does not bar him from places where minors do not actually congregate. *See United States v. Crume*, 422 F.3d 728, 733-34 (8th Cir. 2005) (holding that condition barring defendant "from places where minor children under the age of 18 congregate such as residences, parks, beaches, pools, daycare centers, playgrounds, and schools" only barred him from places where children "actually congregate"); *Ristine*, 335 F.3d at 696-97 (same). Importantly, the new condition adds safe harbors for Smith, allowing him contact with minors in the course of normal commercial business, and unintentional and incidental contact. *See United States v. Muhlenbruch*, 682 F.3d 1096, 1104 (8th Cir. 2012) (noting that exception for incidental contact makes restriction on contact with minors reasonable). When modifying Condition 6, the court narrowed it favorably to Smith.

A hearing would not have changed this outcome by enabling Smith to obtain the even more favorable relief that he sought: the removal of any restriction on places where minors congregate or frequent. Conditions restricting defendants with child pornography offenses from places where minors frequent or congregate are common. *See, e.g.*, *United States v. Wiedower*, 634 F.3d 490, 497-98 (8th Cir. 2011)

(upholding bar on "direct contact with minors . . . and . . . entering into any area where children frequently congregate including, but not limited to, schools, daycare centers, theme parks, theaters, and playgrounds" because defendant was convicted of possessing child pornography). Smith received notice of the government's added sentence (which the district court adopted). He had opportunity to reply to the government's proposal—and he did reply. The entire record shows no facts that would have affected the district court's decision to keep the restriction on places where minors congregate or frequent. Because denying a hearing did not affect Smith's substantial rights, the district court's order on Condition 6 is affirmed.

II.

A.

Smith argues that the court unfavorably modified Condition 7. The original condition, imposed at sentencing, said:

> The defendant will neither possess nor have under his control any matter that is pornographic or that depicts or alludes to sexual activity or depicts minors under the age of 18. This includes, but is not limited to, any matter obtained through access to any computers or any material linked to computer access or usage.

Smith believed this condition was unconstitutionally vague, overbroad, and infringed his First Amendment right to view non-obscene material containing nudity. He sought to replace it with:

> The defendant shall neither possess nor have under his control any material which contained [sic] child pornography, or photographic evidence of children

-6-

engagerd [sic] in any sexual conduct as defined by 18
U.S.C. § 2256.

Instead, at the government's suggestion, the district court modified the condition to resolve Smith's constitutional concerns by replacing it entirely with:

> The defendant will neither possess nor have under his control any matter that is pornographic/erotic; or that describes sexually explicit conduct, violence toward children or child pornography as described in 18 U.S.C. § § 2256(2) and (8), including photographs, images, books, writings, drawings, videos, and electronic material.

*See **United States v. Carson***, 924 F.3d 467, 472 (8th Cir. 2019) (holding that an identical restriction was not unconstitutionally vague and overbroad) (condition quoted in full in Brief for Appellant at 13, No. 17-3589, 2018 WL 661301, at *5) (condition also available at W.D.Mo. Case No. 4:15-cr-00399-RK-1, ECF No. 42 at 5). The district court said in its order that it was granting Smith's motion for Condition 7 and "will modify" the condition. *See **James***, 792 F.3d at 972-73. Concluding that "the relief sought is favorable" to Smith, the district court denied a hearing.

The district court erred by denying Smith a hearing before modifying Condition 7. *See* **Fed. R. Crim. P. 32.1(c)**. Rule 32.1(c)(1) requires a hearing before "modifying the conditions of probation or supervised release." ***Id.* 32.1(c)(1)**. No exception to the hearing requirement applies here, because (1) Smith received less favorable relief than what he sought, since his proposed modification would bar only child pornography, not adult pornography; (2) the government objected; and (3) the

district court adopted the government's proposed changes to the condition.  *See id.* **32.1(c)(2)**.  The district court should have held a hearing.[4]

Although the district court erred by denying a hearing, the government contends that any error was harmless.  *See* **Fed. R. Crim. P. 52(a)**.  Any error that does not affect substantial rights "must be disregarded."  *Id.  See* **28 U.S.C. § 2111**.  To affect substantial rights "in most cases . . . means that the error must have been prejudicial: it must have affected the outcome of the district court proceedings."  *Olano*, 507 U.S. at 734.  The government has the burden to prove harmless error.  *Pirani*, 406 F.3d at 550*, citing Olano*, 507 U.S. at 734-35.  When analyzing for harmless error, reversal is not required "if the basis for the imposed condition can be discerned from the record."  *Thompson*, 653 F.3d at 694.

The government reasons that the new condition does not restrict Smith beyond the original condition, and is, in fact, favorable to him.  The original Condition 7 barred "matter that . . . depicts minors under the age of 18."  The new condition does not bar all depictions of minors, only "matter that . . . describes . . . violence toward children or child pornography . . . ."  The district court narrowed the condition, modifying it favorably to Smith.

A hearing would not have changed this outcome by enabling Smith to obtain the even more favorable relief he sought—unrestricted access to adult pornography.  When "a defendant is convicted of an offense related to child pornography, a ban on the possession of pornography is appropriately tailored to serve the dual purposes of promoting the defendant's rehabilitation and protecting children from exploitation."

---

[4]This court need not address whether a district court may deny a hearing before refusing to modify a condition. *See generally Nonahal*, 338 F.3d at 671 (holding that Rule 32.1 does not require a hearing when a district court refuses to modify conditions); *Floyd*, 391 F. Appx. at 333 (same).

***United States v. Bordman***, 895 F.3d 1048, 1060 (8th Cir. 2018) (quoting other cases) (cleaned up). At the original sentencing, the district court found that Smith had made sexual contact with multiple minors, exhibited no remorse, and tried to gain the trust of a minor's family in order to take pornographic photos. Smith does not assert that the reasons to restrict his access to pornography have changed since his original sentencing. Based on these findings, restricting access to pornographic/erotic or sexually explicit material is appropriate. *See **Wiedower***, 634 F.3d at 497 (upholding restriction on pornography or sexually explicit material because defendant "had a deeply rooted affinity for child pornography," even when he had only accessed child pornography and did not distribute it or seek out minors).

Smith contends for the first time on appeal that imposing the new condition was not appropriate because he had not undergone a psychosexual evaluation, and his sexual offender treatment plan had not begun. Smith did not raise this argument when replying to the government's proposed modification to Condition 7, which the district court adopted. *See **United States v. Hirani***, 824 F.3d 741, 751 (8th Cir. 2016) (noting that this court may consider a newly raised argument only if it is purely legal and requires no additional factual development, or if a manifest injustice would otherwise result).

Even assuming Smith would have made this new argument at the hearing he should have had, it would not have affected the outcome. When modifying Condition 7, the district court noted that Smith's viewing of pornography was "a treatment issue and a supervision issue." Another condition requires Smith to participate in a psychosexual evaluation and any sex offender counseling program as directed by the Probation Office. If the evaluation or counseling indicates Smith no longer needs a restriction on pornography, he can seek a modification from the district court. Because based on the entire record, denying a hearing did not affect Smith's substantial rights, the error was harmless.

B.

Smith argues that the new Condition 7 is unconstitutionally vague. He believes this court should review for plain error because he did not object to the new condition on this ground when the district court issued it. *See Carson*, 924 F.3d at 472. However, Smith had no opportunity to object to the new condition at a hearing. *Cf. United States v. Sherwood*, 850 F.3d 391, 395 (8th Cir. 2017) (reviewing for abuse of discretion when defendant failed to object to an unexpected condition imposed at sentencing). A "party's concession on the standard of review does not bind the court, as such a determination remains for this court to make for itself." *United States v. Perrin*, 926 F.3d 1044, 1046 (8th Cir. 2019) (reviewing for plain error despite government's concession to abuse-of-discretion standard). When a defendant challenges a special condition on constitutional grounds, this court reviews de novo. *United States v. Washington*, 893 F.3d 1076, 1082 (8th Cir. 2018) (reviewing de novo a challenge to a special condition as unconstitutionally vague). Under any standard of review, Smith's argument against the new Condition 7 fails because there is no error.

According to Smith, the term "pornographic/erotic" lacks a specific legal definition, thus not giving notice of what he may possess. This court has "repeatedly upheld these same or very same conditions when they were obviously relevant to the child pornography offense at issue or to the defendant's history and characteristics." *Bordman*, 895 F.3d at 1060 (cleaned up). *See id.* at 1062 (citing cases and holding that "pornography" and "erotica" are not vague as conditions of supervision for a child pornography case). This term is not vague. *See Carson*, 924 F.3d at 472 (upholding an identical condition banning possession of "any matter that is pornographic/erotic" as not unconstitutionally vague).

Smith also attacks as vague the restriction on matter that "describes sexually explicit conduct." However, the new condition references 18 U.S.C. § 2256(2),

-10-

defining "sexually explicit conduct." The statutory definition gives Smith notice. *See United States v. Mefford*, 711 F.3d 923, 927-28 (8th Cir. 2013) (holding that ban on material depicting or alluding to "sexually explicit conduct as defined by 18 U.S.C. § 2256(2)" is not unconstitutionally overbroad or vague).

Smith believes that Condition 7 gives the probation officer unfettered discretion. "But conditions delegating limited authority to nonjudicial officials such as probation officers are permissible so long as the delegating judicial officer retains and exercises ultimate responsibility." *United States v. Thompson*, 888 F.3d 347, 351-52 (8th Cir. 2018) (affirming condition requiring defendant to "participate in a sex-offense specific treatment program . . . . until released by the probation office"). A district court impermissibly delegates judicial authority "only where the district court gives an 'affirmative indication' that it will not retain 'ultimate authority over all of the conditions of supervised release.'" *United States v. Thompson*, 653 F.3d 688, 693 (8th Cir. 2011)*, quoting United States v. Wynn*, 553 F.3d 1114, 1120 (8th Cir. 2009) (upholding condition requiring defendant to "participate in mental health counseling (if so directed) under the supervision of the U.S. Probation Office").

Here, the district court retains ultimate authority over the conditions of supervised release. *See Thompson*, 888 F.3d at 352 (noting that the defendant may seek relief from the district court if he objects to the probation officer's orders). *See also United States v. Hobbs*, 710 F.3d 850, 855 (8th Cir. 2013) (holding that condition prohibiting possession, viewing, or use of "sexually stimulating or sexually oriented" material "deemed inappropriate by the U.S. Probation Officer in consultation with the treatment provider" is not unconstitutionally overbroad or vague). Condition 7 is not unconstitutionally vague.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

-11-