# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1732
_____

United States of America

*Plaintiff - Appellee*

v.

Marvin Hicks

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: January 10, 2022
Filed: March 10, 2022
[Unpublished]
_____

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

The district court[1] revoked Marvin Hicks' supervised release and sentenced him to a 10-month term of imprisonment to be followed by two years of supervised release. The court imposed an additional supervised release condition that required

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

Hicks to undergo a mental health evaluation and follow through on any recommended treatment. Hicks appeals, asserting his within-Guidelines sentence is substantively unreasonable and the new special condition is an unreasonable deprivation of his liberty. We affirm.

Hicks initially served a 70-month term of imprisonment for being a felon in possession of a firearm. Hicks struggled after release from custody. While on supervision, his conditions were twice modified. The last modification required Hicks to serve 90 days in a Residential Reentry Center ("RRC"). Rather than report as directed, Hicks absconded. He was arrested three months later, after crashing the vehicle he was driving and unsuccessfully attempting to flee on foot from law enforcement. During the chase, Hicks threw something on the roof of a house, which could not be retrieved.

When Hicks appeared before the district court on the revocation petition, he admitted to violating several release conditions, including marijuana use, failure to report to the RRC, failure to follow his probation officer's instructions, failure to complete community service, failure to comply with substance abuse treatment, and new law violations. The admissions resulted in an advisory Guidelines sentencing range of 6 to 12 months. At the revocation hearing, Hicks submitted a written statement from Dan Tallman, a social worker and addiction counselor. Tallman opined that Hicks suffers from post-traumatic stress disorder arising out his exposure to violence while in prison, suggested that Hicks' marijuana use was an effort to self-medicate, and that Hicks would benefit more from treatment than incarceration.

The district court gave little weight to Tallman's letter, noting the opinions were based largely on Hicks' uncorroborated, self-serving statements, and that many of the statements supporting Tallman's opinions were inconsistent with the record. For example, there is no indication in the record or Presentence Investigation Report that Hicks ever belonged to a gang. The Bureau of Prisons' pre-release report does not mention mental health issues or post-traumatic stress disorder, and the supervising probation officer testified at the hearing that Hicks never expressed

concerns about his mental health to him.  In short, the record lacked evidence to support the type of mental illness Tallman and Hicks described.

Hicks claims that the sentence imposed by the district court disregarded his history of trauma and mental health problems and that both the sentence and the additional supervised release condition are substantively unreasonable.  "Because a sentence imposed upon revocation of supervised release is not a new punishment but rather relates to the original offense, we review [the substantive reasonableness] under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings."  United States v. Barber, 4 F.4th 689, 691 (8th Cir. 2021) (per curiam) (quoting United States v. Richey, 758 F.3d 999, 1001 (8th Cir. 2014)).  A district court abuses its discretion when it: (1) fails to consider a relevant sentencing factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers the appropriate factors but in weighing those factors commits a clear error of judgment.  United States v. Wilkins, 909 F.3d 915, 917 (8th Cir. 2018).

Hicks' sentence is within the advisory Guidelines range and is presumed reasonable.  See United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009).  Sentencing courts are afforded wide latitude in determining which factors are to be given greater weight.  United States v. Ballard, 872 F.3d 883, 885 (8th Cir. 2017) (per curiam).  After considering the 18 U.S.C. § 3553(a) factors cited in 18 U.S.C. § 3583(e), the district court did not clearly err by giving too little weight to Hicks' mitigation arguments, particularly in light of the problems with Tallman's opinions as noted by the court.  The undisputed evidence in the record shows Hicks repeatedly violated his release terms, absconded for over three months, fled from law enforcement when officers attempted to effectuate a traffic stop, and committed four new state law violations during the course of the traffic stop and arrest.  We find no abuse of discretion.

Hicks next argues the mental health special condition is a greater deprivation of liberty than is reasonably necessary and that if the counselor's report is given little

weight, then he is not in need of a mental health evaluation. We review for plain error an unobjected-to special condition imposed during a revocation hearing. United States v. Thompson, 888 F.3d 347, 350 (8th Cir. 2018). Under plain error review, Hicks "must show that the district court made an obvious error that affected his substantial rights and seriously affected the fairness, integrity or public reputation of judicial proceedings." Id.

A district court may modify or enlarge the conditions of supervised release so long as each condition is "reasonably related to the sentencing factors enumerated in 18 U.S.C. § 3553(a), involve[s] no greater deprivation of liberty than is reasonably necessary, and [is] consistent with the Sentencing Commission's pertinent policy statements." Wilkins, 909 F.3d at 918; 18 U.S.C. § 3583(e)(2). Before imposing a condition requiring participation in mental health treatment, there must a reasonable belief that the defendant needs such treatment. United States v. James, 792 F.3d 962, 970 (8th Cir. 2015). Hicks' erratic and obstructive behavior over an extended time coupled with his own claim that he suffers from severe mental illness is sufficient to support the condition. The district court committed no error, plain or otherwise, when it imposed a special condition requiring him to complete a mental health evaluation and follow through on recommended treatment.

We affirm the district court's judgment.

_____