# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1872

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Ray Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: July 28, 2023
Filed: August 2, 2023
[Unpublished]

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Michael Ray Davis appeals after the district court[1] revoked his supervised release. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

The court sentenced him to a prison term, to be followed by a term of supervised release that includes a condition requiring him to temporarily reside at a residential reentry center. Davis's counsel has moved to withdraw and, in a brief, argues the district court erred by referring generally to the special conditions of release during the oral pronouncement, instead of specifically sentencing Davis to the residential reentry condition.

This court concludes Davis cannot now complain about the residential reentry condition because counsel expressly agreed to it at the revocation hearing before the district court pronounced its sentence. *See United States v. Thompson*, 289 F.3d 524, 526 (8th Cir. 2002). Regardless, the district court did not plainly err. *See United States v. Thompson*, 888 F.3d 347, 350 (8th Cir. 2018) (standard of review). Having reviewed the record, this court discerns no impermissible conflict between the oral pronouncement and the written sentence. *See United States v. Mays*, 993 F.3d 607, 622 (8th Cir. 2021) (reiterating that there is no conflict if district court's written judgment is consistent with its discernible intent).

The record also demonstrates the condition was reasonably related to Davis's history of violations, job instability, and substance abuse. *See Thompson*, 888 F.3d at 351 (explaining that this court will affirm if basis for special condition can be discerned from record); *see also United States v. Melton*, 666 F.3d 513, 518 (8th Cir. 2012) (noting 18 U.S.C. § 3563(b)(11) and U.S.S.G. § 5B1.3(e)(1) expressly authorize a special supervised release condition requiring temporary residence at a residential reentry center, and this court has "regularly upheld" such a condition as reasonable).

The judgment is affirmed, and counsel's motion to withdraw is granted.

_____

-2-