# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3547
_____

United States of America

*Plaintiff - Appellee*

v.

Gregory Starks

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas
_____

Submitted: September 23, 2024
Filed: January 7, 2025
[Unpublished]
_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Gregory Starks was charged with unlawfully possessing a firearm as a felon and possessing methamphetamine with intent to distribute. After Starks pled guilty on both counts, the district court[1] imposed a total sentence of 200 months of

___

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

imprisonment to be followed by three years of supervised release. Starks asks us to vacate the sentence, challenging its substantive reasonableness and arguing the written judgment conflicts with an oral pronouncement at the sentencing hearing regarding his term of supervised release. We affirm.

## I. Background

In November 2020, Gregory Starks was involved in a domestic disturbance at a gas station. Following the altercation, Starks removed a bag from his car and hid it behind the gas station. Law enforcement officers on the scene recovered the bag and found it contained a semi-automatic firearm, drug paraphernalia, and 245 grams of a mixture of a substance containing methamphetamine. Starks was charged and ultimately pled guilty to unlawfully possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) (Count One) and possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Two).

At the sentencing hearing, the district court calculated an advisory sentencing range of 151 to 188 months of imprisonment under the United States Sentencing Guidelines Manual (Guidelines). After considering the sentencing factors set forth in 18 U.S.C. § 3553, the district court imposed concurrent sentences of 120 months of imprisonment on Count One and 200 months of imprisonment on Count Two. The district court pronounced at the sentencing hearing that "[u]pon release from imprisonment, [Starks will] be on supervised release for a term of three years." The written judgment later stated: "Upon release from imprisonment, [Starks] will be on supervised release for a term of: THREE (3) YEARS on Count One and THREE (3) YEARS on Count Two to be served CONCURRENTLY."

## II. Discussion

We first consider Starks's argument that the district court imposed a substantively unreasonable sentence, using "a deferential abuse-of-discretion standard." *United States v. James*, 792 F.3d 962, 967 (8th Cir. 2015) (quoting *United*

*States v. Timberlake*, 679 F.3d 1008, 1011 (8th Cir. 2012)). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

Here, the district court thoroughly explained why consideration of the sentencing factors of 18 U.S.C. § 3553(a) led it to impose a 200-month sentence, twelve months above the top of the Guidelines range. Specifically, the district court concluded the nature of Starks's offense was "more problematic than the garden variety version of this offense[,]" explaining Starks had a child in the car with the drugs and a gun, and then hid the bag with those dangerous items "behind the gas station where anybody could have picked it up." The district court further emphasized Starks's criminal history, which included violent crimes, and noted he was "on a continuous path of committing crimes" and past time served had not deterred him. The district court also noted Starks's reckless acts prompted concern about future harm to the public. Weighing these aggravating factors along with mitigating factors, such as a tough upbringing without a father, the district court imposed a sentence above the Guidelines. This was not substantively unreasonable.

Starks contends the district court abused its discretion by giving undue weight to Starks's criminal history. But as we have repeatedly emphasized, "[t]he district court is vested with 'wide latitude' to weigh the sentencing factors and assign some greater weight than others." *United States v. Halter*, 988 F.3d 1042, 1047 (8th Cir. 2021) (quoting *United States v. Lundstrom*, 880 F.3d 423, 445 (8th Cir. 2018)). "[D]isagreement with how the district court weighed the relevant sentencing factors does not justify reversal." *United States v. Jones*, 71 F.4th 1083, 1087 (8th Cir. 2023). There was nothing inappropriate about the district court giving significant weight to Starks's criminal history.

Neither do we agree with Starks's allegation that the district court failed to consider the disparity between the 200-month sentence imposed and sentences given

to other defendants convicted of the same or similar offenses. To the contrary, the district court explained that a purpose serviced by the Guidelines was "to take out from the equation individual judge's quirks" and to ensure "the sentence [Starks] would get" would be "similar to the sentence that [he] would get . . . in a different judge's courtroom somewhere else in the country." *See, e.g.*, *Gall v. United States*, 552 U.S. 38, 54 (2007) ("Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.").

Finally, we consider Starks's argument that the district court's written sentence conflicted with the oral pronouncement as it relates to supervised release. "[W]hen an oral pronouncement of sentence conflicts with the written judgment, the oral pronouncement controls." *United States v. Harris*, 794 F.3d 885, 889 (8th Cir. 2015). However, "mere imprecise language at a hearing 'will not negate the court's obvious intent.'" *United States v. Thompson*, 888 F.3d 347, 354 (8th Cir. 2018) (quoting *United States v. Buck*, 661 F.3d 364, 374 (8th Cir. 2011)).

During Starks's sentencing hearing, the district court stated that Starks would "be on supervised release for a term of three years." Read in context, this imprecise statement was consistent with the district court's written judgment specifying that there would be a three-year term of supervised release on each count. *See Buck*, 661 F.3d at 374 (affirming when careful review of the oral pronouncement made it apparent the sentencing judge intended the result set forth in the written judgment). Indeed, before making the challenged statement, the district court had already explained the terms of supervised release for each count of conviction would run concurrently, stating:

> With respect to supervised release, the statutory range on Count 1 is zero to three years and the statutory range on Count 2 is three years to life. Multiple terms of supervised release shall run concurrently. The guidelines recommendation for Count 1 is one to three years and the guidelines recommendation for Count 2 is a flat three years.

The fact the district court did not later reiterate that the "three years" involved concurrent supervised release terms for each count does not make the oral pronouncement inconsistent with the written judgment. Accordingly, the judgment of the district court is affirmed.

_____